No. 6140.

## E. FRANKEL *v.* J. M. BYERS.

1. **DECREE OF FORECLOSURE ON PERSONALTY.** — The Revised Statutes, article 1340, prescribes the form of decree to be rendered foreclosing a mortgage without regard to whether it be personal property or realty.
2. **SAME.**—The article 1340 provides: "Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto * * * and that an order of sale shall issue to the sheriff, directing him to seize and sell the same as under execution," etc.

APPEAL from Shackelford. Tried below before the Hon. T. B. Wheeler.

This is a suit filed in the district court of Shackelford county on April 20, 1885, by appellee and one John Palm, trustee, against appellant and one S. R. Weaver and Ira J. Culver, to obtain a personal judgment against defendant Weaver on two promissory notes made by him to F. E. Conrad & Co., in 1883, and to foreclose a lien on a lot of sheep and other property, created by two deeds of trust made by said Weaver to said F. E. Conrad & Co., to secure the payment of said notes, and for judgment against appellee for the value of said sheep, alleged to be three dollars per head; which notes and deeds of trust were afterwards, and before suit, transferred to appellee by said Conrad & Co. Appellant claims the sheep by virtue of a writ of attachment issued out of the county court of Shackelford county November 19, 1884, judgment rendered at February term, 1885, of said court in favor of appellant against said Weaver for five hundred and twenty-nine dollars and forty-six cents, foreclosing said attachment lien, order of sale and purchase by appellant at sheriff's sale April 6, 1885. Judgment by default was rendered at first term of district court against defendant Weaver in favor of appellee for about three thousand six hundred dollars, and at November term, 1886, said judgment was made final and judgment was rendered against appellant in favor of appellee, foreclosing his lien on said sheep, and further adjudging that appellant be and is ordered and required

to deliver said three hundred and fifty head of sheep to the sheriff of Shackelford county, Texas, in said county, within twenty days from the adjournment of court; and should he fail or refuse to deliver said sheep to said sheriff within said time, then in that case it is ordered that appellee have and recover of appellant the sum of one thousand and fifty dollars. Appellant filed motions in arrest of judgment, for new trial, and motion to reform the judgment, which were overruled by the court, and appeal was taken.

*L. W. Campbell,* for appellant: The first and second assignments of error are to the effect that the court erred in rendering judgment against appellant requiring him to deliver the sheep to the sheriff of Shackelford county within twenty days after adjournment of court, and on his failure to do so that appellee have judgment for one thousand and fifty dollars, because said judgment is a judgment of conversion, and there is no evidence to warrant such a judgment in this case, and the only legal judgment that could have been rendered against appellant was a simple judgment foreclosing his interest in the sheep and subjecting them to the payment of appellee's judgment against Weaver.

Personal property mortgaged as security for debt may be levied upon and sold under execution against the mortgagor, subject to the rights of the mortgagee, and the purchaser of such property, from the mere act of buying at execution sale and taking possession of the same, does not commit a trespass or do any act for which he could be held for the value or conversion of such property; before he could be held as such he must do some act concerning such property as materially lessens or destroys the security of the mortgagee and thereby causes pecuniary loss to him.

It is admitted that appellee proved at the trial a valid lien on the sheep in existence at the time of appellant's levy of the attachment and the sale to appellant; but it was also proved that at the time of the levy of the attachment the mortgagor, S. R. Weaver, was in possession of the sheep; that at the February term, 1885, of the county court of Shackelford county, appellant recovered a judgment against the mortgagor Weaver for five hundred and twenty-nine dollars and forty-six cents, foreclosing the attachment lien on the sheep in question; that on the twenty-seventh day of February, 1885, an order of sale

was issued by the clerk of said court, directed to the sheriff of Throckmorton county, commanding the sale of the sheep in question in satisfaction of said judgment; and on April 6, 1885, appellant became the purchaser of said sheep by sale of said sheriff, under and by authority of said order of sale. There is no evidence that appellant has done anything with said sheep except hold them since his purchase. (Rev. Stats., art. 2296; W. & W. Con. Cases, 283, 311; Willson's Con. Cases, 14, 414; Raysor v. Reed, 55 Texas, 266; Jones Ch. Mort., 427, 489, 490; Randall v. Bigbee, 37 Mich., 40.)

*A. A. Clark,* for appellee, cited Revised Statutes, article 1340; Boone on Mortgages, sections 257, 278; Aldred v. Montague, 26 Texas, 732; Freeman on Executions, sections 104, 273; Drake on Attachments, section 256; Brown v. Lane, 19 Texas, 203.

WALKER, ASSOCIATE JUSTICE. As against appellant the judgment below should have followed the statute. (Rev. Stats., 1340.) The only decree of foreclosure authorized by the pleadings and the statute was subjecting the sheep to the judgment and that an order of sale issue directing the sheriff to seize the three hundred and fifty head of sheep described in the judgment and to sell them as under execution; the proceeds to be applied upon the judgment.

The judgment below will be reversed and here rendered in accordance with this opinion.

*Reversed and rendered.*

**Opinion delivered June 29, 1888.**