RUDOLPH v. HIVELY et ux. (No. 1014.)*
(Court of Civil Appeals of Texas. Amarillo. June 7, 1916. Rehearing Denied Oct. 11, 1916.)

1. TRESPASS TO TRY TITLE ☞18—DEFENSES—OUTSTANDING SUPERIOR TITLE.
In an action of trespass to try title, a deed of trust was not such outstanding superior title or interest as will prevent recovery by plaintiff, since a deed of trust is merely security for the debt and before foreclosure vests no title.
[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 21; Dec. Dig. ☞18.]

2. HUSBAND AND WIFE ☞224 — ACTIONS AGAINST—PROCESS—DEFECTS IN SERVICE.
Where a suit was instituted against "Louisa A. Filer," cited by publication, and judgment rendered against her in that name, she having, during the pendency of the suit, but before the citation as to her upon a second amended original petition, married "Solomon E. Hively," she was not a party to the action, and the judgment as to her is void.
[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 808–812, 978; Dec. Dig. ☞224.]

3. MORTGAGES ☞494—FORECLOSURE PROCEEDINGS—JUDGMENT—SUFFICIENCY.
Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2000, providing that judgments for the foreclosure of mortgages shall be that plaintiff recover his debt, and, except in judgments against executors, administrators, and guardians, that an order of sale shall issue to the sheriff or any constable of the county, directing him to seize and sell the property, a judgment of foreclosure, which did not provide for the issuance of an order of sale, nor direct the sheriff to seize and sell the property as under execution, it appearing that the land was never sold under the judgment, was insufficient.
[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1441–1445; Dec. Dig. ☞494.]

4. MORTGAGES ☞356—SALE UNDER POWER—NOTICE.
Where by the terms of a mortgage, notice of sale must be published in a newspaper, if notice cannot be given because no newspaper is published in the county, the trustee cannot sell under the power without recourse to a court of equity.
[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1063–1067; Dec. Dig. ☞356.]

**5. TRESPASS TO TRY TITLE ⊛═38(1)—EVIDENCE —BURDEN OF PROOF.**

In an action of trespass to try title, where plaintiff filed an affidavit, charging that a note, secured by a deed of trust, and all of its indorsements, were forgeries, the burden rested upon defendant, claiming title as owner of the note and a trustee's deed foreclosing the deed under power of sale to satisfy the payment of the note, to establish the genuineness of the notes and indorsements as against the affidavit.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. ⊛═38(1).]

**6. MORTGAGES ⊛═351—SALE UNDER POWER— VALIDITY.**

A sale by a trustee under a power of sale in a deed of trust, made after the note was barred by limitations and after the power could be exercised, is void.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1049; Dec. Dig. ⊛═351.]

Error from District Court, Moore County; D. B. Hill, Judge.

Trespass to try title by Solomon E. Hively and wife against C. F. Rudolph. Judgment for plaintiffs, and defendant brings error. Affirmed.

C. F. Rudolph, of Stratford, in pro. per. M. Cammack, of Amarillo, for defendants in error.

HALL, J. This action was brought by Louisa A. Hively, joined pro forma by her husband, Solomon E. Hively, against C. F. Rudolph alone for title and possession of a certain quarter section of land in Moore county. She alleged that in a former suit against her and others, filed by defendant Rudolph, in the district court of Moore county, styled C. F. Rudolph v. J. M. Roach, Louisa A. Filer et al., said Rudolph recovered a judgment against the said Louisa A. Filer for the land now in controversy; that during the pendency of said suit the said Louisa A. Filer had married Solomon E. Hively, and, by reason of the citation issued in said suit and the judgment entered therein not being in her true name, the judgment was void. She alleges a deed to her from one M. Roach, conveying the land in controversy.

The defendant, Rudolph, by his answer, showed the necessity of making additional parties. So plaintiffs filed their first amended original petition October 2, 1914, naming C. F. Rudolph, James I. Boyer, C. C. Clever, Lon C. McCrory, Dick Pincham, Allie Pincham, J. M. Turner, and H. Altringer defendants.

The amended pleading set out the claim of the nonresident defendants; that on March 31, 1914, Rudolph executed a deed of trust, naming Lon C. McCrory trustee, and Dick Pincham, Allie Pincham, J. M. Turner, and H. Altringer as beneficiaries. They allege, further, that there is a deed of trust on record in Moore county, purported to be executed by J. M. Roach, September 5, 1904, naming C. C. Clever as trustee, to secure a note of $1,600, in favor of James I. Boyer, alleging said instrument was without consideration, fraudulent, and void.

The defendant Rudolph filed his second amended original answer July 27, 1915, pleading his title specially, claiming that he is the owner of the land in controversy by two alternative and sufficient chains of title. His allegations set out his title from J. M. Roach; sets up a mortgage from J. M. Roach to C. A. McFarland, and its assignment to C. F. Rudolph the defendant, also a judgment of the district court of Moore county, dated January 26, 1910, foreclosing said mortgage and decreeing the title and possession of the land in controversy to Rudolph. He further alleged that he is the owner of the note of $1,600, dated September 5, 1904, executed by J. M. Roach to J. I. Boyer and secured by deed of trust on the lands in controversy; that said note was due five years after date, and had been extended five years after maturity, by writing an indorsement on the note and signed by the parties before its transfer to him. He sets up a trustee's deed, foreclosing the deed of trust under the power of sale to satisfy the payment of the note above described by J. B. Mills, substitute trustee.

In reply to this amended answer, plaintiffs filed a second supplemental petition, excepting to the judgment set up by the defendant because it did not foreclose the mortgage, but by its recitals transferred the title to the land without sale. It was further alleged that plaintiffs were not parties to the foreclosure suit, and they interposed the statute of limitations as to the notes; that the deed of the trustee, foreclosing the deed of trust, was void, the note being barred by limitation when the sale was made; and that the land was not advertised according to the provisions of the deed of trust.

Plaintiff filed an affidavit, charging that the $1,600 note, alleged by Rudolph to have been made by Roach to Boyer, was a forgery; that all indorsements thereof and assignments thereof to Rudolph were also forged.

The case was tried by the court without a jury, and judgment rendered in favor of plaintiff for the title and possession of the land.

[1] The first assignment, and proposition, is to the effect that in an action of trespass to try title the plaintiff cannot recover if there is any evidence of an outstanding superior title or interest. The outstanding title which appellant insists exists in this case is the alleged deeds of trust, executed by J. M. Roach to J. I. Boyer, to secure payment of a note for $1,600. The well-established rule in this state is that a deed of trust is simply a security for the debt, and before foreclosure vests no title in the beneficiary. This deed of trust has never been foreclosed, nor was foreclosure sought in this action.

⊛═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] Appellant next insists that plaintiffs are precluded by the judgment rendered in his favor against J. M. Roach, Louisa A. Filer, and others, January 26, 1910. It appears that Louisa A. Filer married Solomon E. Hively January 25, 1908. The citation as to her was issued June 23, 1909, upon a second amended original petition filed on the 23d day of June, 1909, and service was by publication. This question is settled by our Supreme Court, in Freeman et al. v. Hawkins et al., 77 Tex. 498, 14 S. W. 364, 19 Am. St. Rep. 769. In that case a judgment against Mary E. Robinson, removing cloud from the title to certain lands, was set out in bar of an action by Mary E. Freeman to recover the land. It seems that at the time she acquired the land her name was Mary E. Robinson, but afterwards, and before the institution of the suit against her, she married D. C. Freeman. She was served by publication as Mary E. Robinson. Stayton, Justice, said:

"On the marriage of Mary E. Robinson the law conferred on her the surname of her husband. 2 Bishop's Marriage & Divorce, § 704a. A citation, whether to be served personally or by publication, must contain the names of the parties to the action. R. S. art. 1215. We are of opinion that a citation by publication requiring 'Mary E. Robinson' to be cited and to appear was not sufficient to give the court jurisdiction to render a judgment that would bind 'Mary E. Freeman.' McRee v. Brown, 45 Tex. 506."

As in that case, we conclude here that, the suit having been instituted agaist Louisa A. Filer, cited by publication, and judgment rendered against her in that name, she was not a party to the action, and the judgment as to her is void.

[3, 4] We think the judgment rendered in favor of Rudolph, and which he sought to introduce in evidence, was insufficient, in that it failed to comply with article 2000, Vernon's Sayles' Civil Statutes, relating to judgments in foreclosure proceedings. The judgment offered in evidence vests the title to the property, upon which foreclosure was sought, in Rudolph, and does not provide for the issuance of an order of sale, nor does it direct the sheriff to seize and sell the property as under execution, and it appears from the record that the land in controversy was never sold under the judgment. Frankel v. Byers, 71 Tex. 308, 9 S. W. 160; McPhaul et al. v. Byrd et al., 174 S. W. 645. The former judgment being void as to the plaintiff in this suit, because of a want of service of process, and because the statute relating to foreclosure of mortgages was not complied with, appellant acquired no title through such proceeding.

The deed of trust under which the sale was made by Mills, the sheriff, provided that notice of the sale should be published for 30 days in a newspaper published in the city of Dumas. No such publication was made, but the notice was posted in three public places in the county. Where, by the terms of the mortgage, notice of sale must be published in a newspaper, if notice cannot be given because no newspaper is published in the county, the trustee cannot sell under the power without recourse to a court of equity. Dutton. v. Cotton, 10 Iowa, 408; Perry on Trusts (6th Ed.) § 602q.

[5, 6] As stated, plaintiff filed an affidavit, charging that the $1,600 note, secured by this deed of trust, and all of its indorsements, were forgeries. The substance of Boyer's testimony is that he knew nothing whatever about the $1,600 note and mortgage, and claimed no interest whatever in any such note, or in the land in controversy. The burden rested upon appellant to establish the genuineness of the note and indorsements as against this affidavit. As stated, the court filed neither findings of fact nor conclusions of law, and, so far as the record discloses, the judgment may have been based upon the court's conclusion that the note was a forgery. This being true, the judgment and the trustee's sale, are both nullities. If the indorsements upon the note, extending the time under the statute, were forged, then the note, even if it could be held genuine, under the evidence, was barred by limitations. The judgment recites that the note is barred by the statute of limitation set up by plaintiffs, and we must presume, in support of the judgment, that the court found the indorsements were forged. This being true, the sale by the trustee was void, for the further reason that it was made long after the note was barred and after the power contained in the deed of trust could be exercised.

It is unnecessary to consider the remaining assignments, and the judgment is affirmed.