**CHAPMAN, Commissioner of Insurance and Banking, v. HEAD et al. (No. 83.)**

(Court of Civil Appeals of Texas. Eastland. Jan. 8, 1926.)

Chattel mortgages ⬅️177(2)—Petition by chattel mortgagee against one attaching mortgaged property held demurrable, where purchasers at attachment sale were not made parties and petition did not allege property was beyond jurisdiction of court. (Rev. Civ. St. 1911, art. 3744).

Petition by chattel mortgagee against one who had attached mortgaged property *held* demurrable, in view of Rev. Civ. St. 1911, art. 3744, where it did not make purchasers at attachment sale parties defendant or show property to have been taken beyond jurisdiction of court and did not allege that property was not sold subject to mortgage.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by J. L. Chapman, Commissioner of Insurance and Banking, against L. D. Head and others. Judgment for defendants on general demurrer, and plaintiff appeals. Affirmed.

See, also, 279 S. W. 906.

W. J. Rogers, of San Antonio, for appellant. Benson & Dean, of Breckenridge, for appellees.

LITTLER, J. This appeal being before us on the sole question that the trial court erred in sustaining a general demurrer to plaintiff's petition, we deem it necessary to set out all the facts contained in said petition as follows:

"That on or about the 7th day of March A. D. 1921, one Geo. S. Homan made, executed and delivered to the American National Bank of Eastland, Tex., a certain chattel mortgage upon certain oil well drilling tools, described as follows: One complete string of drilling tools, now located on Sharp Mahoney lease in Stephens county, Tex. Said mortgage was given to better secure one certain promissory note signed by Geo. S. Homan, and dated February 29, A. D. 1921, and due May 1, 1921, for the sum of $3,000. Said mortgage provided, among other things, that said lien should extend to any renewal of the indebtedness thereby secured, and should be in force until all of the indebtedness above referred to should be paid, including each and every renewal and extension thereof. Said mortgage further provided that in case default should be made in the payment of said indebtedness, the said bank should have the right to take immediate possession of the property and sell the same at private sale without notice to the mortgagor, and gave said bank, its agents and officers, power to make a bill of sale to said property. The said mortgage was duly and forthwith filed for registration in Stephens county, Tex., on the 18th day of March, A. D. 1921, and said mortgage remained upon file in said county clerk's office of said county until

long after the dates hereinbefore and hereinafter set out.

"That on or about the 1st day of May, A. D. 1921, the above-described note was renewed. Said renewed note being for $3,000 and due August, A. D. 1921. That said note is unpaid, though past due, except for a credit of $8.98. That thereafter, on, to wit, about the 14th day of May, A. D. 1921, the Security State Bank & Trust Company became the owner and holder of the above-described note, by the delivery of the same to said bank from the American National Bank for a valuable consideration in due course of trade and before maturity. That on or about the 20th day of December, A. D. 1921, the defendant Bridgeport Machine Company caused to be issued out of the justice court, precinct No. 1, of Stephens county, Tex., a writ of attachment against one Geo. S. Homan, and placed said writ in the hands of the defendant L. D. Head, sheriff of Stephens county, Tex., with instructions to levy upon certain drilling tools belonging to the said Geo. S. Homan.. That the said L. D. Head executed said writ of attachment by levying upon the following described property: One 12x12 Ajax steam engine, No. 17457, with flywheel; one pulley and two balance wheels; one adjustable pump; one 8¼ long beam slip socket, marked Amer. Tank Co. That said levy was made by taking possession of the aforesaid property. That the same was advertised for sale and thereafter sold as public vendue for the use and benefit of said Bridgeport Company.

"That plaintiff herein and the agents and representatives of the Security State Bank & Trust Company had no notice that said writ of attachment had been applied for or had issued, and had no notice that said property was advertised for sale, or that said property was sold at the time the said acts were done. That at the time said writ of attachment was issued and levied, and said property sold, this plaintiff and the Security State Bank & Trust Company was entitled to the possession of same, which fact the defendants well knew, or could have known, by the exercise of due diligence. Further than that, plaintiff alleges that the amount of his debt, to wit, $3,000, with interest and attorney's fees provided in said note, less a credit of $8.98 on the back of said note, was more than the reasonable market value of said property at the time it was so levied upon, and sold, and the defendants well knew, or could have known by the exercise of due diligence and by consulting the chattel mortgage records of Stephens county, Tex., that the said Geo. S. Homan did not have any equities in the property levied upon, was not in possession of the same, or, if he was, that he was not entitled to be in possession of said property. That the property levied upon and above described was part of the property covered in the mortgage above described, it having been moved from the Sharp Mahoney lease to the Jack Robinson place at Crystal Falls in Stephens county, and the defendants well knew, or could have known by the exercise of due diligence, that the property levied upon was the property formerly located on the Sharp Mahoney lease, and the property upon which the Security State Bank & Trust Company held a valid and subsisting mortgage.

"Plaintiff further alleges: That the defendants levied upon said property, and sold the same without complying with the terms of his mortgage, and says that, because of the above and foregoing facts, said levy and sale of property was a wrongful conversion thereof, and defendants became liable to the plaintiff for the reasonable cash market value of said property at the time of said levy, which was as follows: One 12x12 Ajax steam engine, value $600; one pulley and two balance wheels, value $100; one adjustable pump, value $150; one slip socket, value $50. That, by reason of said attachment and wrongful conversion of said property by the defendants L. D. Head and Bridgeport Machine Company, they became bound and liable to this plaintiff for the value of said goods so converted. That the defendants James G. Harrell, H. V. Caldwell, C. M. Caldwell, and Fred M. Bottorff are sureties upon the official bond of said L. D. Head, as sheriff aforesaid, and that by reason thereof they are liable to this plaintiff for the value of the goods wrongfully attached and converted as aforesaid. That Fred M. Bottorff is a citizen of the state of California, and is beyond the jurisdiction of this honorable court, and for such reason is not made a party defendant herein.

"Wherefore, premises considered, plaintiff prays the court that he have judgment against the defendants and each of them, for the value of the property so converted, together with interest thereon at the rate of 6 per cent. per annum, and for general and special relief, in law or equity, as he may show himself justly entitled to receive, and he will ever pray."

The defendant Bridgeport Machine Company answered by general demurrer, special exceptions, and general denial.

The court having sustained the general demurrer, plaintiff declined to amend, and in his bill of exception urged error of the court in sustaining general demurrer.

Appellant alleges that appellees levied upon the property, and that the same was sold for the use and benefit of the Bridgeport Machine Company. There is no allegation that Bridgeport Machine Company bought this property, but it is alleged that it was sold for the use and benefit of the Bridgeport Machine Company.

Article 3744, Revised Civil Statutes of Texas 1911, reads as follows:

"Goods and chattels pledged, assigned, or mortgaged as security for any debt or contract, may be levied upon and sold on execution against the person making the pledge, assignment or mortgage subject thereto; and the purchaser shall be entitled to the possession when it is held by the pledgee, assignee, or mortgagee, on complying with the conditions of the pledge, assignment or mortgage."

In the case of Robinson Bros. & Co. v. Veal, 1 White & W. Civ. Cas. Ct. App. § 311, the court said:

"Article 2296, Rev. Stats. provides that 'goods and chattels assigned or mortgaged as security for any debt or contract may be levied upon and sold on execution against the person making the pledge, assignment or mortgage subject thereto, and the purchaser shall be entitled to the possession when it is held by the

pledgee, assignee or mortgagee, on complying with the conditions of the pledge, assignment or mortgage.' By levying his attachment upon and selling the mortgaged property, by due course of law, to satisfy his debt, the attaching creditor has committed no wrong or trespass against the rights of the mortgagee for which he could maintain an action. The mortgagee's rights are fully protected by the law. Purchasers of the property at the attachment sale acquire the property subject to the mortgage lien of the mortgagee, and his remedy would be to follow the property with his prior lien into the hands of such purchasers."

It will be observed that the petition does not divulge the name or names of the purchaser or purchasers of the property sold under execution; neither are said parties made a party defendant to the suit; neither does the petition allege that the property was not sold subject to the mortgage.

We conclude that plaintiff should have made the purchasers of the property parties defendant or else have shown that the property had been taken beyond the jurisdiction of the court, and that said petition should have alleged that said property was not sold subject to the mortgage. Robinson Bros. & Co. v. Veal, supra; Wright v. Henderson, 12 Tex. 43; Gillian v. Henderson, 12 Tex. 47.

Judgment of the lower court is therefore affirmed.