**A B C STORES, Inc., et al. v. HOUSTON SHOWCASE & MFG. CO.   (No. 3216.)**

(Court of Civil Appeals of Texas.   Texarkana. March 25, 1926.)

1. Chattel mortgages ⬅➡283—Where judgment foreclosed chattel mortgage on property in possession of third person, personal judgment against him as for conversion, held erroneous, where none of property was lost, destroyed, or beyond jurisdiction of court (Rev. St. 1925, art. 2218).

In suit to foreclose chattel mortgage on property in possession of third person, with prayer for judgment against him in event property should not be forthcoming or proceeds of sale should be insufficient to satisfy judgment, judgment of foreclosure and sale of property was rendered, and personal judgment against such person as for conversion, if debt was not satisfied, *held* erroneous, in view of Rev. St. 1925, art. 2218, where none of property was lost, destroyed, or beyond jurisdiction of court.

2. Chattel mortgages ⬅➡225(2)—Mortgagee cannot have judgment foreclosing his lien and also personal judgment of conversion against third party for value of all the property.

A mortgagee is not entitled to judgment foreclosing his lien on all the property with order of sale and at same time have a personal judgment as of conversion against third party for value of all the property.

Appeal from Harris County Court; Ben F. Wilson, Judge.

Suit by the Houston Showcase & Manufacturing Company against the A B C Stores, Inc., and another. Judgment for plaintiff, and defendants appeal. Reformed and affirmed.

The Houston Showcase & Manufacturing Company brought the suit against J. S. Roberts to obtain personal judgment on certain notes and to foreclose a chattel mortgage given on certain personalty to secure the payment of the notes. The A B C Stores was made a party defendant upon the allegation that it had taken possession of and converted the mortgaged property to its own use and benefit. The petition prayed as follows:

"For judgment against both of said defendants for the foreclosure of its lien on the above-described personal property, and that same be decreed to be sold according to law; that the officer executing said order of sale shall place the purchaser of said property sold under said order of sale in possession thereof within thirty days after the day of sale. And in the event said property shall not be forthcoming, or if the proceeds of such sale shall be insufficient to satisfy such judgment, then plaintiff prays for judgment against the A B C Stores, Inc., for the value of said property so converted by it to the extent necessary to satisfy any amount of such judgment remaining due and unpaid."

The defendants both entered a general denial.

The evidence showed the amount of the principal, interest, and attorney's fees due on the notes sued upon at date of trial to be $210.90. J. S. Roberts executed the notes. A chattel mortgage was executed by J. S. Roberts to appellee to secure the payment of the notes according to their terms. The value of the mortgaged property was shown to be $300. It was shown by appellee that the A B C Stores "had taken over the business of J. S. Roberts" upon terms of "some agreement," not stated in the record, including the mortgaged personalty in suit, and declined "to pay the notes or turn over the property" to the mortgagee at the time of its demand therefor. The suit was brought upon the refusal of the A B C Stores "to deliver the property to the plaintiff as requested." The A B C Stores was in possession of all the mortgaged property, and none of it had been disposed of, but the character and right of possession or the holding were unexplained in the record. It

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(284 S.W.)

does not appear that the A B C Stores intended to deprive the mortgagee of the ultimate ownership of the property.

The court, in a trial without a jury, entered judgment against J. S. Roberts for the amount of the notes sued upon and foreclosing the chattel mortgage lien on all the property and ordering all the property sold to pay the judgment. The judgment further recites that:

"It further appearing to the court from the evidence that the defendant A B C Stores, Inc., is in possession of said property and has refused to deliver the same to the plaintiff upon demand made under and by virtue of its aforesaid chattel mortgage, and has converted the same to its own use and benefit, and that said property is of the reasonable value of $300; it is therefore ordered, adjudged, and decreed by the court that the plaintiff, Houston Showcase & Manufacturing Company, do have and recover of and from the said defendant, A B C Stores, Inc., its damages occasioned by reason of the premises to the extent necessary to protect the judgment herein rendered against the defendant J. S. Roberts, not to exceed the aforesaid sum of $300.

"It is further ordered by the court that this judgment be first satisfied out of said property of the said defendant J. S. Roberts as hereinabove provided, but, in the event said property is not forthcoming, or if the proceeds of any sale thereof hereinabove ordered shall be insufficient to satisfy same, then that plaintiff have its execution against the A B C Stores, Inc., to such extent as may be necessary to satisfy any balance of this judgment remaining due and unpaid, for all of which let execution issue."

Boyles, Brown & Scott and Pat N. Fahey, all of Houston, for appellants.

Samuel Schwartz, of Houston, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The pertinent proposition of appellant is to the effect that the judgment against it, except as to the foreclosure of the lien, was invalid. The mortgagee obtained judgment in its favor against the mortgagor for the amount of the notes, with foreclosure of the lien on all the mortgaged property, as against the mortgagor and appellant, with order of sale of all the property to satisfy the debt, and further recovered a personal judgment against the appellant, as for conversion, in the maximum sum of $300, "in the event the property is not forthcoming, or if the proceeds of any sale thereof hereinabove ordered shall be insufficient to satisfy same (the debt against Roberts). Such form of judgment, as correctly urged by appellant, is erroneous. The statute expressly provided what the judgment "shall be" of foreclosure of mortgage liens. Article 2218, R. S. And, as held, it is error, as not being in accordance with the statute, to adjudge in favor of the mortgagee against a third party the value of the property, or the amount of the debt, in case such third party "fails to deliver the property to the sheriff." Frankel v. Byers, 71 Tex. 308, 9 S. W. 160. Further, the mortgagee is not entitled to a judgment foreclosing his lien on all the property with order of sale, and at the same time have a personal judgment, as of conversion against a third party for the value of all the property. Smith v. Wall (Tex. Civ. App.) 230 S. W. 759. In the instant case all of the property was on hand and available for seizure on the proper legal writ. None of the property was lost, destroyed, or beyond the jurisdiction of the court.

The appellee answered the proposition of appellant by saying "that the mortgagee can pursue both remedies, of foreclosure and damages for conversion, when done by alternative pleading." Alternative pleading is to meet the possible results of the evidence as it might be developed at the trial. In this way the plaintiff who has a meritorious case might succeed on one count, while failing in the other. But the ultimate judgment permissible in such pleading is another thing, legally speaking. The plaintiff ordinarily must take judgment, according to proof, upon the one count or the other count. He cannot take the judgment upon both counts, pleading in the alternative as in the nature of distinct relief. The theory of separate or alternative counts is that each is a complete cause of action, as distinct from the other as if it stood alone in the pleading. Yet there may be circumstances entitling a mortgagee to pursue both remedies when done by proper pleading in separate count. For instance, it may be that a mortgagee is prejudicially affected by the loss or destruction in some way of a part of the property mortgaged, occasioned by the alleged converter, with the remainder of the property available for seizure under an order of sale. In such circumstances, upon proper pleading, the mortgagee may be entitled to foreclose the lien with order of sale against the mortgagor and the converter as to the remainder of the property available, and to have personal judgment against the converter for the proven value of the particular property lost or destroyed or removed beyond the jurisdiction of the court. Such form of judgment, upon proper pleading and proof, is in the nature of distinct relief not otherwise obtainable to the mortgagee whose rights are affected and intermeddled with. But the present case is not that kind of case in pleading or proof. In this suit, as in the Frankel Case, supra, all of the property was available and forthcoming for sale under the order of sale. None of it was lost, destroyed, or beyond the jurisdiction of the court, and the pleading was in reality for a foreclosure of the lien on all the property, and for judgment against the alleged converter only "in the event the property shall not be forthcoming" when the sheriff undertook to make sale at a time posterior to the date of the judgment, "or if the proceeds of such sale shall be in-

sufficient to satisfy such judgment." Therefore, in view of the pleading and the proof, the judgment is reformed to the extent of denying any recovery of money in personal judgment against the appellant.

It may be, in the circumstances, as urged, that appellant did not intend to deprive the mortgagee of the ultimate ownership of the property as well as immediate possession. Even so, the reformation of the judgment operates to correct such situation and still allow a foreclosure.

The judgment will be reformed as above, and, as so reformed, will be in all things affirmed. The appellee, Houston Showcase & Manufacturing Company, will pay the costs of appeal.