## HYDRAULIC CASING PULLING CO. et al. v. BROWN. (No. 531.)

Court of Civil Appeals of Texas. Waco.
June 9, 1927.

Rehearing Denied Sept. 8, 1927.

**1. Chattel mortgages ⟨⟩229(2)—Petition held insufficient to support judgment for plaintiff, based on conversion of machinery.**

In action on notes, to foreclose mortgage and for conversion of casing pulling machinery, petition alleging sale by plaintiff to one defendant, who gave plaintiff mortgage on machinery, and transfer by buyer to other parties with allegation of partial destruction by fire while in possession of such parties, not alleging amount of damage, *held* insufficient to support judgment for plaintiff.

**2. Chattel mortgages ⟨⟩225(2)—Mortgagee securing judgment of foreclosure held not entitled to judgment against third party for conversion of mortgaged property.**

Where seller of machinery sued on notes and had judgment, including foreclosure of mortgage securing them, he was not entitled thereafter to judgment against third party for conversion of such property.

**3. Chattel mortgages ⟨⟩283—Chattel mortgagee may plead in alternative to foreclose mortgage or for conversion of property, but is not entitled to foreclosure and judgment for conversion.**

Chattel mortgagee, in doubt as to whether property or part of it covered by mortgage has been converted and placed beyond court's process by third party, may plead in alternative for foreclosure or for conversion against third party and may take judgment for foreclosure or for conversion as warranted by evidence, but is not entitled to foreclosure on all property and to have judgment against third party for conversion for value of property or amount of mortgage debt.

**4. Corporations ⟨⟩448(I)—Corporation held not liable on unratified promise on its behalf before it was organized to pay claim of seller of machinery.**

Where buyer of machinery used it as member of partnership which intended to incorporate and on incorporating to take such machinery in payment for stock, such corporation was not liable to seller of machinery, who had mortgage thereon, for its destruction by fire prior to formation of corporation on theory of promise that corporation would pay seller's claim, which, if made at all, was made before organization of corporation, in absence of showing of ratification or confirmation of such purpose after corporation came into existence.

**5. Frauds, statute of ⟨⟩23(3)—Promise of third parties to pay for machinery, not in writing or on some new and independent consideration received by them, held void.**

In action on notes and to foreclose mortgage on machinery, alleged promise of third parties to pay for machinery, not shown to be in writing or based on new and independent consideration or benefit received by them, was void under statutes.

Error from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by C. L. Brown against W. M. Skinner, the Hydraulic Casing Pulling Company, and others on notes and to foreclose a mortgage, dismissed as to defendant Skinner. Judgment for plaintiff, and defendant Hydraulic Casing Pulling Company and others bring error. Affirmed in part, and reversed in part, and remanded.

W. W. Mason, of Mexia, for plaintiffs in error.

Davis, Jester & Tarver, of Corsicana, for defendant in error.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

STANFORD, J.   Suit by C. L. Brown against W. M. Skinner, B. L. Walkup, A. L. Volmer, and the Hydraulic Casing Pulling Company, Inc., alleging he sold to W. M. Skinner certain casing pulling machinery, fully described, for $1,580, evidenced by a series of notes executed by the said Skinner, and that a mortgage was retained on said property to secure the payment of said notes; and alleging facts intended to show that the said B. L. Walkup, A. L. Volmer, and Hydraulic Casing Pulling Company, Inc., became liable for said notes by having purchased said property and assumed the payment of said notes, or by having converted said property, etc.   The case was tried before the court without a jury and judgment rendered for defendant in error. A more detailed statement of the case will be made in the course of this opinion.

Under their first assignment plaintiffs in error A. L. Volmer and B. L. Walkup contend the court erred in overruling their special exception to paragraph 2 of plaintiff's petition, wherein the plaintiff alleges as follows: "That the purchasers thereof assumed and became bound for the payment of the balance due of the said notes due said Brown," because it does not allege that said assumption was part of the purchase price and so comes within the statute of frauds.   The question here presented is immaterial, in that recovery was not had upon the ground that any one of said defendants bought said property and as a part of the purchase price assumed the payment of the notes due Brown, but recovery was had upon other grounds in no way related to the question here involved. So it is not necessary to, and we do not, decide the question here presented.   A. Harris & Co. v. Caldwell (Tex. Civ. App.) 276 S. W. 298.

[1] Under their second proposition plaintiffs in error contend the judgment does not conform to and is not supported by the pleadings.   Defendant in error alleged, in substance, that Skinner sold the property to B. L. Walkup and A. L. Volmer, or to the Hydraulic Casing Pulling Company, Inc., or the same was sold by said Walkup and Volmer to the Hydraulic Casing Pulling Company, Inc., after same was transferred to them by Skinner, etc.; and, further, in substance, that Walkup, Volmer and the Hydraulic Casing Pulling Company, Inc., converted said property to their own use while charged with said lien; that they took possession of said property and were using same in pulling casing and receiving pay for the use of same; that while same was in their possession and while they were using same they negligently allowed same to be partially destroyed by fire, etc., and that all of said parties became liable jointly and severally for the value of said property so converted while charged with said lien to the extent of said debt sued for, etc.   Defendant in error further alleged, in substance, that Skinner, Walkup, Volmer, and Baird formed a partnership known as the Hydraulic Casing Pulling Company; that said property was conveyed to said partnership by Skinner, and said partnership accepted same, and said partnership used and treated same as partnership property; that said partnership incorporated under the name of the Hydraulic Casing Pulling Company, Inc.; and that said machinery was conveyed by said parties to said corporation and same was accepted by said corporation and became and was treated as assets of said corporation and stock issued on same, etc., and while being so used and treated by said corporation and its said promoters was partially destroyed by fire, etc. The record discloses that Skinner was adjudged a bankrupt and said property was listed as a part of his assets and turned over to the trustee of his estate, and that by order of said bankruptcy court the fire damage was repaired and said property delivered to Skinner, to be by him operated for the benefit of his estate, and it was being so operated at the time of the trial.   Skinner, having been adjudged a bankrupt, was dismissed from the suit.   The trial court by its judgment established defendant in error's debt in the sum of $1,563.26 as against W. M. Skinner, and his mortgage lien against said property to secure said amount, and foreclosed said lien, and rendered personal judgment jointly and severally against B. L. Walkup, A. L. Volmer, and the Hydraulic Casing Pulling Company, Inc., for the sum of $1,563.26, but directed the sale of said property under order of sale and the proceeds applied to said $1,563.26, and that execution issue against said last-named parties for any balance.   Order of sale was issued, said property sold and bought in by defendant in error, the proceeds applied, and execution issued against plaintiffs in error for the remainder.   We sustain the above proposition to the effect that defendant in error's pleading is insufficient to support the judgment.   The title to the property being in Skinner, he had the right to sell same to Walkup and Volmer, or to the Hydraulic Casing Pulling Company; or, if he sold to Walkup and Volmer, they had the right to sell to said Hydraulic Casing Pulling Company; or, if Skinner formed a partnership with said other parties, he had the right to sell same to said partnership, or, in other words, put same in as his contribution to the partnership assets, and, if so, said partnership had the right to incorporate and receive said property as a part of its assets.   Of course, defendant in error's mortgage being of record, and no objection on his part, said sales and transfers were subject to his rights under said mortgage.   So said sales and transfers, if made as alleged, did not amount to a conversion on the part of any of said parties.   Baldwin Motor Co. v. De Ford (Tex. Civ. App.) 282 S. W. 832, and cases cited.   The allegation that said property was partially destroyed by fire while in the possession of said plaintiffs in error is

insufficient as a basis for a judgment for conversion, in that there is no allegation of the amount of such damage, if any. There is no allegation nor evidence of the value of said property before or after its partial destruction, nor at any other time. The fact that said property was damaged by fire while in the possession of plaintiffs in error, even if being wrongfully held by them and caused by their negligence, would not render them liable as for conversion for the amount of defendant in error's debt, regardless of the extent of said damage.

[2, 3] There is another reason why the judgment against plaintiffs in error Walkup, Volmer, and the Hydraulic Casing Pulling Company is erroneous and cannot stand. This was a suit by defendant in error against Skinner to recover on notes and to foreclose a mortgage on certain machinery, fully described in defendant in error's petition. Judgment was rendered establishing the amount due on said notes at $1,563.26 and foreclosing said mortgage on all of the property included in said mortgage. The order of sale and the sheriff's return on same show that all of said property—every item composing said hydraulic casing pulling machine, as described in defendant in error's petition and in the judgment of foreclosure—was sold under said order of sale and bought in by defendant in error. If a mortgagee is in doubt as to whether the property, or a part of it, covered by his mortgage has been converted and placed beyond the process of the court by a third party, he may plead in the alternative for foreclosure or for conversion against said third party, and when the evidence is in he may take judgment for foreclosure or for conversion by said third party, as warranted by the evidence, but in no event is such mortgagee entitled to a foreclosure on all the property and a judgment against said third party as for conversion for the value of said mortgaged property or for the amount of the mortgage debt. Defendant in error in this case, having the benefit of a foreclosure on all of said property, was not entitled to a judgment for conversion for any part of it against plaintiffs in error, or any one else. Smith v. Wall (Tex. Civ. App.) 230 S. W. 759; A. B. C. Stores v. Houston Show Case Mfg. Co. (Tex. Civ. App.) 284 S. W. 332.

[4] Neither do we think defendant in error was entitled, under the pleadings and evidence, to recover against the Hydraulic Casing Pulling Company, Inc., on the ground that Walkup or Volmer, the promoters of said corporation, promised defendant in error that the said corporation would pay his claim. The record discloses that if such promise was made, same was made some time before the corporation came into existence. Skinner used said property as a member of the partnership of Hydraulic Casing Pulling Company, and said partnership intended to incorporate, and on incorporating to take said machinery and issue stock to Skinner in payment therefor. To this end the application for incorporation was made and the affidavit, including the casing pulling outfit, was duly executed, but ten days before the charter was issued and while said machinery was ostensibly in the possession of the partnership, but in the actual control of Skinner, said machinery was partially destroyed by fire, after which the corporation, while it did not change said application and affidavit, yet it did refuse to take said machinery and refused to issue the stock to Skinner it had agreed to issue for same, and said machinery continued under the control of Skinner until it was listed by him as a part of his estate in bankruptcy and disposed of as above set out. If the promoters of the corporation did promise that the corporation would pay defendant in error's claim, said promise having been made before said corporation came into existence, same created no liability unless it be shown that said corporation ratified or confirmed such promise after it came into existence.

[5] Again, we think the evidence insufficient to show liability against plaintiffs in error Walkup or Volmer, in that if they did promise to pay defendant in error's claim, said promise was void under our statutes of fraud, duly pleaded by plaintiff in error, unless it be shown by pleading and evidence that said promise was in writing or was based upon some new and independent consideration or benefit received by said parties.

The judgment of the trial court is affirmed in so far as it adjudicated the indebtedness of Skinner to defendant in error and foreclosed defendant in error's mortgage lien, but in all other respects and as to all other parties said judgment is reversed and remanded.