## ARMSTRONG v. MULLER.
### No. 1296.

Court of Civil Appeals of Texas. Waco.
Jan. 19, 1933.

B. A. Garrett, of Waco, for appellant.

Poage & Neff, of Waco, and Kerr & Gayer, of San Angelo, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted by T. A. Armstrong from a judgment of the county court at law of McLennan county, sustaining a plea of privilege interposed herein by appellee, Lelah Belle Muller, and transferring the cause to Schleicher county, where appellee resides, for trial on its merits. Appellant sold a diamond ring to J. W. Muller by a written contract. He paid a part of the purchase price in cash and agreed in said contract to pay to appellant the remainder in installments at Waco, Tex. Further provisions of said contract constituted the same in legal effect a chattel mortgage to secure such unpaid installments. He gave said ring to appellee, who was then his wife. They were subsequently divorced. Default having been made in the payment of the remainder of the purchase money, appellant instituted this suit on said contract in the county court at law of McLennan county against both said Muller and appellee, and prayed for judgment for his debt and for foreclosure of his lien against both said parties. He alleged in his petition that Muller then resided in Burleson county and appellee in Schleicher county. Appellant thereafter amended his petition and further alleged that the sheriff of Schleicher county, acting under a writ of sequestration issued out of said court, saw appellee in person and demanded the possession of said ring for the purpose of levying said writ thereon, and that she refused to surrender possession thereof. He further alleged that the market value of said ring was in excess of $200, that he had been damaged by the action of the defendants in the sum of $250, and prayed for judgment for that amount against them, jointly and severally, and for foreclosure of his chattel mortgage lien. Muller made default. Appellee filed a plea of privilege in statutory form, alleging her residence in Schleicher county, and asking that the cause be transferred to such county for trial. Appellant filed a controverting affidavit, in which he alleged that the contract sued on was payable in Waco, McLennan county, and obligated the maker to return the ring to him in Waco upon default in the payment of the remainder of the purchase price. He referred therein to his amended petition, and made the same a part thereof.

Appellee's plea of privilege came on for hearing before the court. Appellant introduced his contract in evidence. He also introduced a witness who testified that there was a balance due thereon of $140.50, together with interest and attorney's fees. The witness further testified that about December 1, 1931, he went with the sheriff of Schleicher.

county to levy a writ of sequestration on said ring; that he saw the same on appellee's left hand; that she refused to deliver the same to the sheriff, stating, in substance, that it was as safe with her as with the sheriff and that it would be there when he came to get it. No other testimony was introduced. The court recited in the judgment entered on such hearing that in his opinion "the plea of privilege of the defendant, Lelah Belle Muller, should be overruled as to the cause of action set up in plaintiff's said first amended original petition seeking to establish the indebtedness of the defendant J. W. Muller and to have foreclosure of chattel mortgage lien on the property described therein and alleged to be in the possession of the defendant Lelah Belle Muller." He further recited therein that in his opinion "the plea of privilege should be sustained as to the cause of action in plaintiff's said first amended original petition contained seeking a personal judgment against the defendant Lelah Belle Muller for damages in the sum of $250.-00 for alleged conversion of the property described therein." He further recited therein that he had announced said respective holdings in open court and had offered appellant an opportunity to elect upon which of said inconsistent causes of action he desired to rely and to dismiss the other; that appellant declined to elect, but stood on his pleadings as filed. The court thereupon entered an order transferring the entire case to the county court of Schleicher county.

## Opinion.

■ Appellant presents a single assignment of error in which he contends that the court erred in transferring the cause to Schleicher county upon the record hereinbefore presented. The allegations made by appellant in his amended petition are meager, but we are of the opinion that, in addition to his cause of action for recovery of the unpaid purchase money and for foreclosure of his contract lien to secure the same against both defendants, sufficient acts on the part of appellee are alleged to constitute a technical conversion of the ring, should he see fit to so treat the same. These allegations, together with appellant's prayer for personal judgment against appellee, are sufficient, in our opinion, to state some, if not all, of the essential elements of a cause of action for conversion. So far as appellant's cause of action for the recovery of his debt and for foreclosure of his contract lien against both Muller and appellee is concerned, the trial court had jurisdiction thereof as against appellee's plea of privilege. Sabine Motor Co. v. W. C. English Auto Co. (Tex. Com. App.) 291 S. W. 1088; Chapman v. Head (Tex. Civ. App.) 284 S. W. 299; 9 Tex. Jur., p. 196, § 88. The trial court so held, and we understand appellee to concede that such holding

was correct. Appellant having alleged affirmatively that neither Muller nor appellee resided in McLennan county, such jurisdiction was predicated solely on Muller's written promise to pay the remainder of the purchase money to appellant in Waco. Appellant's further allegations pertinent to this issue, considered as a whole, merely show that Muller gave the ring to appellee; that she removed to Schleicher county and took the ring with her; that the sheriff of said county presented to her therein a writ of sequestration for the seizure of the ring; and that, though she was wearing it at the time, she refused to surrender the same that such levy might be made. Such refusal is the only act alleged by appellant which could be held to constitute a conversion of the ring by appellee. Neither appellant's controverting affidavit nor his amended petition, referred to and made a part thereof, showed, as against appellee's plea of privilege, any fact or facts conferring jurisdiction on the trial court of appellant's cause of action, if any, for such conversion. Appellant's action in joining in one suit a cause of action for debt and foreclosure with a cause of action for conversion of the mortgaged property did not constitute a misjoinder. Cobb v. Barber, 92 Tex. 309, 311, 47 S. W. 963; Cassidy v. Willis & Connally, 33 Tex. Civ. App. 289, 78 S. W. 40, 41. Such causes of action, however, when prosecuted against the same person, are more or less inconsistent, and, if combined in one suit, should be alleged in the alternative. Hydraulic Casing Pulling Co. v. Brown (Tex. Civ. App.) 297 S. W. 770, 772, par. 3; Smith v. Wall (Tex. Civ. App.) 230 S. W. 759, 760, par. 2; A. B. C. Stores, Inc., v. Houston Showcase & Mfg. Co. (Tex. Civ. App.) 284 S. W. 332, 333, pars. 1 and 2. See, also, 9 Tex. Jur. p. 196 et seq., § 88; Id., p. 213 et seq., § 104. Even when so alleged, a recovery on one such cause of action precludes a recovery on the other. Saner-Whiteman Lumber Co. v. Texas & N. O. Ry. Co. (Tex. Com. App.) 288 S. W. 127, par. 1; Coffman v. Brannen (Tex. Civ. App.) 50 S.W.(2d) 913, 914, par. 3. A suit, however, combining such alternate causes of action can be maintained as against a plea of privilege only in a forum having jurisdiction of both of the same. Behrens Drug Co. v. Hamilton & McCarty, 92 Tex. 284, 287, 48 S. W. 5.

■ The causes of action asserted by appellant were severable. The court erred in transferring, over appellant's protest, the entire suit to Schleicher county for trial. Johnson v. First Nat. Bank (Tex. Civ. App.) 42 S. W.(2d) 870, 871, par. 2, and authorities there cited. The judgment is therefore reversed, and the cause remanded, with instructions to overrule appellee's plea of privilege to appellant's suit for debt and foreclosure against both defendants. The trial court is further instructed to permit the plaintiff, if he de-

sires, to dismiss his suit for conversion without prejudice, or, in the alternative, to transfer the same to Schleicher county for trial.