Mary E. and D. C. Freeman v. Harvey Hawkins et al.

No. 6447.

1. **Practice—Several Defenses.**—In a trial without a jury, in absence of conclusions of fact and of law, there being two grounds of defense, and it not appearing upon which issue the decision was made, incompetent evidence admitted upon one issue without which a finding for that issue could not have been had, is ground for reversal.

2. **Variance—Misnomer.**—A suit by publication against Mary E. Robinson and

a judgment upon such citation would not bind Mary E. Freeman, although the former was the maiden name of the defendant before her marriage with D. C. Freeman.

3. **Surname of Wife.**—The law confers upon the wife the surname of the husband upon the marriage.

4. **Self-Serving Declarations.**—Evidence in relation to proceedings by the plaintiffs as heirs in 1855, in which they recovered a land certificate in no way connected with the litigation on trial, was incompetent as self-serving in another suit as such heirs.

APPEAL from Denton.  Tried below befor Hon. F. E. Piner.
The opinion states the case.

*Brown & Gunter* and *E. H. Lott,* for appellants.—1.  The judgment was rendered upon service by publication upon the ground that the defendant in that suit was not a resident of Texas and the object was to remove clouds from the title of plaintiff.  Such judgment was void for want of jurisdiction in the court.  Hart v. Sansom, 110 U. S., p. 151.

2.  The contest in this case is as to the heirship of the parties from whom the parties claim respectively, and the petition and judgment in the District Court of Travis County were admissible to show that the parties under whom the appellants claim asserted their claim as heirs to James Rose at an early date and continuously claimed so to be.  Hickman v. Gillum, 66 Texas, 314.

3.  The special act of the Legislature under which the certificate was issued by which this land was secured was enacted upon the application of Lewis and Margaret Rose and upon proof furnished by them claiming as heirs of James Rose, and the certificate was also issued upon their application and proof, which acts are conclusive of their rights as heirs of James Rose.  Burkett & Murphy v. Scarborough, 59 Texas, 495.

*Davis & Garnett, E. A. Blanton* and *H. E. Eldridge,* for appellees.—1. The petition and judgment in the Travis County suit were inadmissible, because neither the defendants nor any one through whom they claimed were parties, and because the declarations made in the petition were made after Lewis and Margaret Rose were claiming as heirs of James Rose; and if admissible were immaterial, as abundant proof had already been made that Lewis and Margaret Rose claimed as heirs of James Rose. 1 Greenl. on Ev., sec. 104a; 1 Phill. on Ev., 255, note 95; People v. Fire Co., 25 Wend., 205; Leggett v. Boyd, 3 Wend., 276.

2.  There is no proof that the Legislature or any of its committees, in passing the act for the relief of the heirs of James Rose and providing that the certificate in question should issue to them, intended to adjudicate that Lewis and Margaret Rose were the heirs of James Rose.  Keen v. Casey, 22 Texas, 413; Smith v. Sublett, 28 Texas, 163; Sypert v. McCowen, 28 Texas, 636; Ross v. Mitchell, 28 Texas, 150.

STAYTON, CHIEF JUSTICE.—This action was brought in right of Mary

E. Freeman, the wife of D. C. Freeman, to recover a tract of land patented to James Rose.

She claims through conveyance from Louis and Margaret Rose, who are alleged to have been the father and mother of James Rose, who died without issue.

Defendants claim through a woman other than Margaret Rose, whom they assert to have been the mother of James Rose, and they admit and claim that he was the natural son of Louis Rose.

There was much evidence as to the maternity of the grantee, and appellants claim that it required a finding that he was a son of Louis and Margaret Rose, who were husband and wife, but the evidence bearing on the question was conflicting, and we could not hold that the court below might not with propriety have found that he was the son of the woman through whom appellees claim.

If such was the finding it would be conclusive of the rights of the parties, but in the absence of conclusions of fact and law we can not know on what the judge who tried the cause based his judgment, for there was evidence introduced upon another matter which may have been thought decisive of the case.

Appellants were married on March 9, 1869, and have resided in this State since 1871.

D. C. Freeman held under chain of transfer from Louis and Margaret Rose, but prior to his marriage to his coplaintiff conveyed to her, her name being Mary E. Robison.

Some time after their marriage, but prior to February 11, 1878, Henry Lewis, through whom appellees claim, brought a suit in the District Court of the county in which the land is situated against *Mary E. Robinson* to recover or to remove cloud from his title to the land.

Service was had only by publication, and at date last named a judgment was rendered in favor of Henry Lewis against *"Mary E. Robinson"* for the land.

On the trial of this cause appellees were permitted to offer in evidence that judgment, and the court may have held that it was decisive of the rights of the parties, although he may have been of the opinion that James Rose was shown to be the son of Louis and Margaret Rose. On the marriage of Mary E. Robison the law conferred on her the surname of her husband. Bish. on Mar. and Div., 704. A citation, whether to be served personally or by publication, must contain the names of the parties to the action. Rev. Stats., art. 1215.

We are of opinion that a citation by publication requiring "Mary E. Robinson" to be cited and to appear was not sufficient to give the court jurisdiction to render a judgment that would bind "Mary E. Freeman." McRee v. Brown, 45 Texas, 506.

If there had been actual service on Mrs. Freeman under the name of

"Mary E. Robinson" it might have been her duty to appear, even though cited in the wrong name and although her husband was not made a party defendant with her; but the case before us is one in which she was only cited by publication, issued on the ground that she was a nonresident of the State, which was untrue. She had no knowledge of the pendency of the suit against "Mary E. Robinson" or opportunity to defend it. She was not a party to the suit and is not bound by the judgment, and it should not have been admitted for any purpose. Dunlap v. Southerlin, 63 Texas, 38.

On August 10, 1855, Louis Rose and wife, through their attorneys, brought an action against Thomas Collins in the District Court for Travis County to recover a land certificate, other than that by virtue of which the land in controversy in this cause was granted, which had been issued to James Rose. In that action they claimed as the father and mother and as sole heirs of James Rose, and recovered the certificate.

Appellants offered to read in evidence the petition, answer, and judgment in that cause, which the court excluded. In this ruling we are of the opinion there was no error.

The averments of the petition in that case were essentially self-serving, and we understand the rule to be that a bill in equity coming under such circumstances can not be received in evidence even on a question of pedigree. Stark. on Ev., 439; Whart. on Ev., 210, with cases cited in notes to both.

Appellees were not parties to that suit, it was not in relation to property involved in this, and no part of the proceedings therein ought to have been received in evidence to prove the heirship of the persons through whom appellants claim. Pratt v. Jones, 64 Texas, 694.

For the error before noticed, the judgment will be reversed and the cause remanded, that the court below or a jury may pass on the issues of fact involved in the case.

*Reversed and remanded.*

Delivered May 30, 1890.

*Davis & Garnett*, for motion for rehearing. Motion overruled.