### J. H. WOFFORD V. J. J. BOOKER ET AL.
#### No. 1232.

1. **Injunction—Order of Sale.**—Judgment and order of sale of land which was owned by the plaintiff prior to the institution of the foreclosure suit in which the order of sale was made. The plaintiff herein was not made party to the foreclosure suit, was not cited, did not waive service or appear. The judgment and order of sale were therefore void as to him. Inasmuch as under the statute (article 1340a) the sheriff making the sale under such order is directed to put the purchaser in possession, injunction is a proper remedy to protect such possession.

2. **Void Judgment—Injunction.**—An order of sale issued upon a judgment void for want of jurisdiction may be enjoined by one not a party to the suit, and whose property is invaded by such judgment.

APPEAL from Bell. Tried below before Hon. W. A. BLACKBURN.

*Moffett & Anderson*, for appellant.—Plaintiff's petition showed that his land was about to be sold at public sale to the highest bidder, under order of sale, to satisfy a judgment rendered against J. E. Wofford, brother of plaintiff, with the foreclosure of the vendor's lien on plaintiff's land, which sale would have cast a cloud upon plaintiff's title and injured its market value, and the court erred in dissolving plaintiff's writ of injunction restraining said sale, and dismissing said cause of action. Edrington v. Allsbrooks, 21 Texas, 186;

Cooke v. Burnham, 32 Texas, 129; Glass v. Smith, 66 Texas, 549; Ratcliff v. Dennis, 72 Texas, 491; Hitson v. Gentry, 22 S. W. Rep., 70; Wood v. Lenox, 23 S. W. Rep., 813; Bank v. Bates, 13 S. W. Rep., 309; Freem. on Ex., sec. 438.

*Harris & Saunders*, for appellees.—1. The plaintiff is not entitled to an injunction to restrain the sale of land under an execution and judgment to which he is not a party, merely on the ground that he is the owner of the land, or because the judgment is erroneous and voidable. Carlin v. Hudson, 12 Texas, 203; Henderson v. Morrell, 12 Texas, 1; Whitman v. Willis, 51 Texas, 432; Purinton v. Davis, 66 Texas, 456; Spencer v. Rosenthal, 58 Texas, 4; Mann v. Wallis, Landes & Co., 75 Texas, 613; Kennard v. Mabry, 75 Texas, 152.

2. Plaintiff's petition failing to negative the fact that he and J. E. Wofford had notice of the judgment during the term at which it was rendered, he is presumed to have known of the judgment during said term, and therefore he had a complete and adequate remedy at law by motion for a new trial and appeal; and these facts constitute a complete bar to the interposition of a court of equity by injunction. Bryarly v. Clark, 48 Texas, 345; Railway v. Ware, 74 Texas, 47; Hamlin v. Knight, 81 Texas, 353.

COLLARD, ASSOCIATE JUSTICE.—This is an injunction suit brought by appellant, Wofford, against J. J. Booker and Annie D. Booker, executors of the will of F. H. Ayers, deceased, and S. A. Sparks, sheriff of Bell County, to restrain and enjoin the sale of 100 acres of land, alleged to be the property of plaintiff, under an order of sale issued out of the District Court of Bell County, in suit number 3529, styled "A. J. Gilliam v. F. H. Ayers et al." The suit number 3529 was a suit on a note of F. H. Ayers for $1000, executed to secure the purchase money for 417½ acres of land, including plaintiff's land, sold by J. H. Collett to Ayers, out of the Uri Holbrook survey, asking for foreclosure of vendor's lien on the land. In the suit L. R. Wade, L. P. Moore, and the plaintiff in this suit, J. H. Wofford, were made parties defendant, Wofford being in possession of his 100 acres of land. Ayers died pending the suit, and his executors, Annie D. and J. J. Booker, were made parties defendant. J. H. Wofford and his brother, J. E. Wofford, had long before the suit purchased the 100 acres of land claimed by J. H. Wofford, from Ayers, executing to him a note for the purchase money, to be paid at a time stipulated, provided Ayers cleared up the title outstanding in the name of other parties, and if he failed to do so, then the note was not to fall due until the title should be cleared up. Ayers failed to clear up the title. J. H. Wofford made an "arrangement" with Gilliam, holding Ayers' note, by which he was to be protected in the suit and his title and possession were not to be disturbed, Gilliam promising to execute a release for the same. J. H. Wofford had been cited, but had not answered in

the suit at the time, and he paid no further attention to the suit, but after this the defendants, the Bookers, executors of Ayers, never having before answered, filed answer, claiming judgment over against J. H. Wofford on the note to Ayers executed by the two Woffords for the 100 acres claimed by plaintiff. Plaintiff had become the sole owner of the 100 acres by purchase from J. E. Wofford before the Gilliam suit was filed. Afterwards there was a judgment rendered in suit number 3529 by default against J. E. Wofford in favor of Annie D. and J. J. Booker for $207.50 on the Wofford note to Ayers, foreclosing the vendor's lien on the 100 acres of land claimed by J. H. Wofford, ordering sale of the land as under execution to pay the judgment in favor of the Bookers. No judgment was taken against J. H. Wofford. The verdict in that suit upon which the judgment was rendered was: "And we further find, that J. E. and J. H. Wofford are due defendants Booker and wife the sum of $207.50 (two hundred and seven and 50/100 dollars), principal and interest, on their said note." Order of sale was issued upon the judgment in favor of the Bookers, at their instance, placed in the hands of S. A. Sparks, sheriff, and levied upon the 100 acres of land claimed by J. H. Wofford, plaintiff in the suit at bar, and the sale was duly advertised to take place on the first Tuesday in September, 1893, the same being the 5th day of the month, and the defendants are threatening to sell and offering to sell said 100 acres of land to satisfy said judgment, *"and are thereby seeking and attempting to dispossess petitioner, J. H. Wofford, of said land, to his damage $5000."*

The foregoing facts are alleged in the petition for injunction, and it is also alleged, that J. E. Wofford was never at any time made a party plaintiff or defendant in suit number 3529, had never appeared therein, had never been cited to appear in any manner, and he had never waived service of citation. It is also alleged, that the verdict of the jury in cause number 3529, finding that J. E. and J. H. Wofford are due J. J. and Annie D. Booker the sum of $207.50, principal and interest, is without authority of law and void. The petition also sets up grounds showing that plaintiff had and has a good defense to the cross-suit of the Bookers against him. Prayer for injunction perpetually enjoining the Bookers and Sparks, the sheriff, from selling petitioner's land to satisfy the judgment, and that the verdict and judgment in said cause number 3529 be set aside, etc.

The court below sustained defendants' general and special demurrers to the petition, dismissed the temporary injunction, and, plaintiff declining to amend, the suit was dismissed. Plaintiff has appealed, assigning errors, which will be disposed of in the following

*Opinion.*—It is our opinion that the court erred, and that the petition alleged grounds which entitled plaintiff to an injunction restraining the sale of his land. If it be true that one upon whose land is levied an execution under a judgment against another person and not

against the owner can not enjoin the sale upon the ground that a sale would cloud his title, the same doctrine would not be true under the facts as alleged in this case, when the sale is threatened by an order of sale, and it is attempted thereby to dispossess the plaintiff.

In cases in this State holding that an injunction will not lie to restrain a sale under an execution levied upon land, the property of a stranger to the suit, the doctrine is rested upon the principle that such a sale would not cloud the owner's title nor "operate to dispossess him of his land, or deprive him of its enjoyment," or embarrass him in his legal remedies for any injury to his title or possession. In Purinton v. Davis, 66 Texas, 455, it was said: "Trespass to try title is an adequate legal remedy after sale in all cases in which the sale will pass only the title of the execution defendant." Carlin v. Hudson, 12 Texas, 203; Whitman v. Willis, 51 Texas, 429; Spencer v. Rosenthall, 58 Texas, 4. In Mann v. Wallis, Landes & Co., 75 Texas, 613, the late Chief Justice of the Supreme Court of this State said: "To entitle such a person to injunction, he must show that his right will be injuriously affected, or that some irreparable injury will follow if the sale be made," and "it was incumbent on appellant to allege such facts as would show if the sale proceeded that he had not a clear and adequate remedy at law for the enforcement of any right he may have." A sale of land under an execution against one not the owner would not disturb the possession of the owner; it would only convey such title as the judgment debtor had in the property at the time of the sale.

But it is provided by statute that an order of sale under a judgment foreclosing a lien upon real estate shall have the force and effect of a writ of possession as between the parties to the foreclosure suit, and the court shall so direct in the judgment, providing for the issuance of the order; and it is made the duty of the officer charged with the execution of the order to place the purchaser of the property sold under the same in possession thereof within thirty days after the day of sale. Rev. Stats., art. 1340a.

Plaintiff's complaint is, that under the judgment in favor of the Bookers against J. E. Wofford, defendants are attempting to sell his land and dispossess him by an order of sale, notwithstanding there was no judgment of foreclosure against him. If such are the facts—and on demurrers we can only look to the petition for the facts—the plaintiff could maintain his suit of injunction restraining the sale.

On another ground, we think, the suit by injunction would lie. The judgment was against J. E. Wofford alone for the debt and the foreclosure awarded to pay such debt. J. E. Wofford was not a party to the suit, and the judgment was therefore void. Dunlap v. Sutherlin, 63 Texas, 38; Freeman v. Hawkins, 77 Texas, 498; Williams v. Warren, 82 Texas, 322.

The first case cited above was a case where judgment was rendered in favor of a person not a party to the suit. The judgment was held void. The second case was a suit by publication against Mary E.

Robinson, and judgment was rendered against Mary E. Freeman. It was held that the court acquired no jurisdiction over Mary E. Freeman, citing the case of Dunlap v. Sutherlin, supra. In the case of Williams v. Warren, supra, judgment was rendered in an attachment suit against certain bondsmen who had taken the proceeds of the attached property and given bond to the receiver in custody of the same under order of the court, obligating themselves to pay such judgment as the plaintiffs in the attachment might recover. In was held that, the bond not being a statutory bond, it did not confer jurisdiction, and that the judgment against the bondsmen, not pleading or being impleaded, was without jurisdiction.

The averments in plaintiff's petition show that J. E. Wofford was not a party to the suit number 3529. In such case, the judgment against him was without jurisdiction and void, and its execution could be enjoined. Glass v. Smith, 66 Texas, 550. See also 32 Texas, 129; 34 Texas, 220; 38 Texas, 241; 41 Texas, 595, and 23 Texas, 110.

Our conclusion from the foregoing is, that the court erred in sustaining demurrers to plaintiff's petition and dismissing the suit. The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 20, 1895.