## Marriage of Nurses.

*Nurses—Registration—Marriage—Change of name—Act of June 8, 1923, P. L. 683.*

1. Where a registered nurse marries, she may, upon surrender of her registration card, receive a new card in her married name.

2. The law confers upon a wife the surname of her husband upon her marriage.

Department of Justice. Opinion to Mrs. Helene S. Herrmann, Secretary-Treasurer, State Board of Examiners for Registration of Nurses.

BROWN, Dep. Att'y-Gen., March 9, 1926.—On Oct. 26, 1911, Mildred Reighard was registered as a registered nurse with the State Board of Examiners for Registration of Nurses. On July 13, 1922, she was married to James M. Rose; and from that time has been known as Mildred R. Rose.

The Act of June 8, 1923, P. L. 683, is an act relating to the registration and re-registration of nurses, and, in section 1, provides as follows: "That all persons registered as registered nurses with the State Board of Examiners

for Registration of Nurses, and all persons registered with said board as licensed attendants, shall, in every year following the passage of this act, during the month of January, again cause his or her certificate to be recorded in the office of the State Board of Examiners for Registration of Nurses."

In January, 1925, when Mildred R. Rose applied for re-registration, she asked that her card should be issued in the name of Mildred R. Rose, the name she legally bore. She was informed that a ruling had been made "that all names shall remain on re-registration cards as they appeared when the nurse first received her registration," and her re-registration card was issued for 1925-1926 in the name of Mildred Reighard.

This department has been asked for an opinion as to whether or not a nurse, registered originally in her maiden name, may, after marriage, have her re-registration card issued to her in her married name.

"The meaning of the word 'name' is given as the distinctive appellation by which a person or thing is designated or known, or, as better given by another lexicographer, that by which an individual person or thing is designated and distinguished from others. The law recognizes one Christian name or given name and one family surname: Bouvier's Law Dict., 2285; 21 Am. & Eng. Ency of Law, 306. At marriage, the wife takes the husband's surname:" Uihlein v. Gladieux, 78 N. E. Repr. 363.

It is the common law doctrine that the husband is the head of the family, and, in accordance with this doctrine, it is the general rule fixed by custom at least that marriage confers upon the wife the surname of the husband: 15 Am. & Eng. Ency of Law, 812.

By custom, a woman at marriage loses her own surname and acquires that of her husband: 21 Am. & Eng. Ency of Law, 312. And in Freeman v. Hawkins, 77 Texas, 498, it was held that the law confers upon a wife the surname of her husband upon marriage.

Mildred Reighard having married, now legally bears the surname of her husband, and is entitled to legally use the name of Mildred R. Rose.

The Act of April 14, 1893, P. L. 16, provides that whenever any female notary shall marry, she shall return her commission to the Governor, stating the fact of her marriage and giving her married name, and the Governor shall thereupon issue to her a new commission conforming to the change of name.

In the case of a notary public who has had his name changed by decree of court, this department has held that the commission was issued to a person certain, and there was no reason why that person should not have a commission in the new name. Also, in the case of a doctor who had his name changed by legal proceedings, this department held that the license to practice medicine was issued to a person certain and that a license should be given to the person in his new and legal name; that the license was issued to the person and not to the name.

The same reasoning applies to the re-registration of a nurse. The person to whom registration was originally issued having changed her name by marriage in a way recognized and approved by the law, she should not be deprived of any of her rights for doing so. She is entitled to all the rights which were hers under her former name, and one of those rights was to practice as a registered nurse, and she ought not, as Mildred R. Rose, to be compelled to practice under a re-registration issued in the name of Mildred Reighard.

A person's name is the mark by which he is distinguished from other people, and as Mildred R. Rose is now the legal name of her who formerly

bore the name of Mildred Reighard, she should be give a re-registration card in her legal name, for the only thing the law looks to is the identity of the individual.

It has been uniformly held by the courts that a change of name, if legally brought about, should not deprive the person so changing of any of the rights enjoyed before the change was made.

Probably the leading case on a change of name is Petition of Snook, 2 Pitts. Repr. 26, and in that case the court, speaking of a changed name, held: "Any contract or obligation he may enter into or which others may enter into with him by that name, or any grant or devise he may hereafter make by it would be valid and binding, for as an acquired known designation it has become as effectively his name as the one he previously bore."

There should be no difficulty in keeping your records by index and cross-index, so that the registration of Mildred Reighard and the re-registration of Mildred R. Rose will be shown and that they are the same person.

The conclusion arrived at in this opinion is intended to apply to all licenses, commissions and registrations issued by State agencies.

You are, therefore, advised that if Mildred R. Rose returns the re-registration card issued to Mildred Reighard, a new card should be issued to Mildred R. Rose, showing that she is a registered nurse under that name.

From C. P. Addams, Harrisburg, Pa.