### SCRUGGS BUICK CO. et al. v. STEWART. (No. 2366.)

Court of Civil Appeals of Texas. El Paso. Oct. 24, 1929.

702

J. M. Caldwell and Charles Yonge, both of Midland, Thomas & Whitaker, of Big Spring, and Jones, Goldstein, Hardie & Grambling, of El Paso, for appellants.

Morrison & Morrison, of Big Spring, for appellee.

WALTHALL, J. Appellee brought this suit against appellant to recover the value of a Buick roadster automobile alleged to have been taken from appellee by appellant and converted to his own use and benefit.

Only one question is presented. The court permitted the witness Burns to testify with reference to the value of the car, that the witness had offered to buy the car from appellee, and would have bought it stating what he would pay for it, and why he would pay the amount of his offer.

It is insisted the witness had failed to qualify as to his knowledge of the market value of the car, and it is suggested that for that reason the witness could not testify as to his specific amount offered and would have paid, as a basis for the damage to be awarded. The bill of exceptions recites that the court considered the testimony, and rendered the judgment based on the testimony, and that the testimony of the witness was the only admissible evidence as to the value of the car.

The offer made by the witness for the car was $1,000.

The case was tried before the court without a jury.

The court filed findings of fact and conclusions of law. The court found, in effect, that appellee purchased the car from appellant, the consideration being $1,729, the down payment being $669, and the balance of $1,060, evidenced by an obligation to pay, in 10 monthly installments of $106 each, the deferred payments secured by a chattel mortgage on the car. Appellee did not make the deferred payments nor surrender possession of the car to appellant, but when two deferred payments had matured the parties agreed to place the car in escrow for a stated time to be returned to appellee on the payment, within the agreed time, of the two unpaid deferred payments. Appellant, without appellee's consent, took the car from the escrow before the expiration of the agreed time, and sold it for $318, the installments then unpaid. Appellee made the tender of the amounts due within the stipulated time.

The court found the value of the car, at the time appellant took possession of and sold it, to be $1,000, and that appellee then owed $318, the three then due installments.

The court concluded in favor of appellee on the issue of conversion, and that appellee was entitled to recover the value of the car at the time of the conversion, less the $318 then due, and so entered judgment for $682.

Appellant's contention must be sustained. Appellant's bill of exceptions, approved by the court and ordered filed, recites that the witness Burns "had failed to qualify as to knowledge of market value of the car," and "was incompetent to testify as to the market value of the car," but was permitted by the court, over objection of appellant, to testify "that he offered to buy the car from the plaintiff Stewart at the sum of One Thousand Dollars, and that he would have paid that much for the car, and further that he was buying it for his own use." The bill of exceptions shows that the court overruled the objections "and proceeded to consider the said testimony, this being the only admissible testimony in the record with reference to the value of the car, and proceeded to render judgment in favor of defendant (evidently meaning the plaintiff as the record shows judgment for plaintiff) based upon the testimony thus erroneously admitted by the court," to which action of the court, in so overruling said objections, appellant duly excepted. It is not left to presumption here that the court disregarded the incompetent part of witness Burns' testimony, since the bill of exceptions states that the court considered it and based his judgment upon it; there being no other admissible evidence in the record, in the judgment of the court, on the market value of the car. The rule is well established that, where the incompetent evidence is considered by the court, and in some degree influenced his action in rendering the judgment, reversible error is shown. Brown v. Fore (Tex. Com. App.) 12 S.W.(2d) 114; Moore v. Kennedy, 81 Tex. 147, 16 S. W. 740; Freeman v. Hawkins, 77 Tex. 498, 14 S. W. 364, 19 Am. St. Rep. 769.

For reasons stated the case is reversed and remanded.