CORN et al. v. CROSBY COUNTY CATTLE CO. et al.

No. 1083—5308.

Commission of Appeals of Texas, Section B. March 20, 1930.

Bledsoe & Crenshaw, Lockhart & Garrard, and F. D. Brown, all of Lubbock, for plaintiffs in error.

Goree, Odell & Allen and Dayton Moses, all of Fort Worth, W. P. Walker, of Crosbyton, Lloyd A. Wicks, of Ralls, T. L. Price, of Tahoka, and L. L. Gambill, of Fort Worth, for defendants in error.

SHORT, P. J.

This case is a consolidated one, there having been two original suits, one by Frank Corn, alone, and the other by him and his wife, Kittie Rider Corn, as plaintiffs, the first suit being against Crosby County Cattle Company, a corporation and Sidney Webb and Z. Boaz, individuals, and the other against these same parties and Joe Cole and Will Luman. However, these two last-named parties were afterwards dismissed from the case. In each of these cases, a temporary injunction was issued on an ex parte hearing. The first injunction temporarily restrained the defendants from using, or attempting to use, the Half-Circle S brand on any cattle belonging to them, or claimed by them. That suit involved the ownership and right to use this particular brand, the petition showing that both the plaintiffs and the defendants were the owners of cattle ranging on adjoining ranches in Crosby and Garza counties. This suit was filed July 22, 1926. The second suit was filed September 20, 1926, and the temporary injunction, issued in that case, enjoined the defendants, their agents and employees, from going upon plaintiffs' ranch, and from gathering up or in any way interfering with plaintiffs' possession of their cattle. Motions to dissolve these injunctions were filed and overruled.

After these cases were consolidated, the plaintiffs in the original suits amended their pleadings, in harmony with the order of consolidation, as did also the defendants, and thereupon the case was tried to a jury upon special issues, after the court had passed upon the exceptions of the original defendants, to the plaintiffs' amended petition; these exceptions being overruled. The jury received the case Saturday evening and returned its verdict Tuesday evening, in the meantime being allowed to separate during the time they were not engaged in their deliberations. On the findings of the jury, the court rendered judgment for plaintiffs against the defendants, jointly and severally, for the sum of $7,100 actual damages, and $15,000 exemplary damages, and enjoined the defendants from using or attempting to use the Half-Circle S brand. From this judgment the original defendants, being the defendants in error here, prosecuted an appeal to the Court of Civil Appeals for the Seventh Judicial District, where an opinion was rendered (25 S.W.(2d) 283), in which all the assignments of error were overruled, except three. The court sustained these three assignments, reversed the judgment of the district court, and remanded the case for another trial. The writ of error in this case was granted to the plaintiffs in error upon errors assigned, based upon the action of the Court of Civil Appeals in sustaining the assignments presented by the defendants in error in that court.

In the trial of the case in the court below, the parties, by their pleadings and their testimony, presented two opposite theories. The theory of the plaintiffs in error was that the defendants in error, in pursuance of a common conspiracy, had, through their agents and employees, gone upon the ranch of the plaintiffs in error, and thereafter, in the nighttime, had secretly and surreptitiously taken therefrom, without his consent or knowledge, and without authority of any law, 97 cows having the brand of the Half-Circle S on them, which the plaintiff in error had properly placed there. Assuming their testimony to be true, the plaintiffs in error sustained these allegations, as reflected by the verdict of the jury, the judgment of the district court, and that of the Court of Civil Appeals. The theory of the defendants in error was that they, having purchased at the bankruptcy sale in the bankruptcy proceedings, in which the plaintiff in error Frank Corn was adjudged a bankrupt, all of his cattle, amounting to several thousand head, identified by the Half-Circle S brand, and having transferred these cattle from the Half-Circle S Ranch to the Z-L Ranch, adjoining and separated therefrom only by a fence, the plaintiff in error Frank Corn, after his discharge from the bankruptcy proceedings, had secretly and surreptitiously and without their knowledge or consent, and without authority of any law, taken the cattle in controversy from the Z-L Ranch and placed them on the Half-Circle S Ranch, mixing and mingling them with certain other cattle which the plaintiff in error Frank Corn and his wife had acquired after his discharge from bankruptcy, and that in doing the things they did in fact do, they were repossessing themselves of their own cattle in a lawful way. During the trial, the plaintiffs in error were allowed, over objections timely interposed, to introduce in evidence the injunction proceedings in the two original cases, including the petitions, the fiats of the judge, and the writs them-

selves, as well as the answers of the defendants in error, and the motions to dissolve and the action of the court thereon.

■ The question of law presented to the Supreme Court by the first assignment of error is, whether the Court of Civil Appeals was correct in holding that the trial court committed reversible error in allowing the plaintiffs in error to introduce these injunction proceedings. In support of the action of the trial judge on this matter, the plaintiffs in error present the opinions of the Supreme Court in Pridgen v. Hill, 12 Tex. 374, Barrow v. Philleo, 14 Tex. 346, and several other cases in which it is held that the admission of improper evidence (under certain circumstances) will not authorize the reversal of a judgment where there was sufficient evidence to warrant the verdict, and that since the Court of Civil Appeals, in its opinion, reached the conclusion that the testimony was sufficient to support the findings of the jury on the issues submitted by the court, even though there was error in admitting these proceedings, it did not constitute a reversible one, especially in the absence of the complaint that the verdict was excessive. On the other hand, the defendants in error contend that the appellate court must presume that harm resulted from the admission of improper testimony, unless it appeared from the record that it did not, citing among many other cases Bain Peanut Company v. Penson (Tex. Com. App.) 294 S. W. 536, which case holds that where improper testimony, in its nature calculated to prejudice the rights of the party against whom the testimony was introduced, is admitted, the appellate court must presume that harm resulted therefrom, unless it appears from the record that it did not. This case cites Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Brittain v. Rice (Tex. Civ. App.) 183 S. W. 84.

In the case of Freeman v. Hawkins, 77 Tex. 498, 14 S. W. 364, 19 S. W. 769, the Supreme Court holds that the averments in the petition in a case like this were essentially self-serving, and that they could not be received in evidence, even on a pedigree. To the same effect is the opinion in House v. Stephens (Tex. Civ. App.) 198 S. W. 384, and Gamble v. Martin (Tex. Civ. App.) 151 S. W. 327. The question was discussed in the case of Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877, in which it was held that the admission of such pleadings is proper only in such cases where offered *against* the pleader, and not where it serves as a *declaration in the interest of the party making them.* In a more recent case (Campbell v. McLaughlin, 280 S. W. 189), this section of the Commission, in an opinion written by Judge Speer, declares that the rule is well settled in Texas that abandoned pleadings containing material admissions *against* an interested party are admissible in evidence. It

is, however, true that declarations of the nature here introduced, and of which complaint is made, are admissible where there has been some effort to impeach the party, and he then undertakes to show that his prior declarations are in harmony with his testimony, and that these declarations had been made by him before any controversy on the subject had arisen. No such situation is here presented. Since the Court of Civil Appeals has reached the conclusion, not only that the proceedings in these injunction cases were inadmissible, but that their introduction resulted in harm to the defendants in error, we are unable to find any conflict in the cases cited by the parties. In view, however, of another trial of the case and the likelihood of this same matter being presented again in some form, we suggest that, while the allegations in the plaintiffs' petition for injunction, were admitted in evidence erroneously, there are some parts of the injunction proceedings which would be admissible. The orderly way, though not an exclusive one, to present to the jury the facts contained in these injunction proceedings, properly admissible under the circumstances, would be to introduce the clerk of the court, in whose custody the papers were, and have him state that he had such papers in his custody, when they were placed with him, the indorsements thereon, and such other facts as might be necessary to give a general idea of the situation. For instance, the clerk might state that on a certain date there was filed a certain petition for injunction, in a certain case, by certain parties, against certain parties, that, thereafter on the same or a different date, a certain writ was issued, and in this connection it would not be improper to have him read to the jury that part of the writ which enjoins the defendants from doing certain things, but no more. The clerk could also properly state what motions were filed, giving the date of the motions, the names of the persons who filed them, and such other data as would enable the jury to understand what had been done by the defendants. If there were any questions of fact, material to any issue in the case, stated in the pleadings of defendants, which the plaintiffs desired to have read, this could be done. If a part of any instrument in writing was introduced by one party, then the remaining portion could be introduced by the opposite party. It appearing that the petition for injunction was read to the jury, and that a specific objection was made to the introduction of this petition, and the authorities being uniform that this was error in the trial of the case to a jury, and the Court of Civil Appeals having held that this error was calculated to deny to the defendants in error a fair trial by an impartial jury, we think, in so far as the assignment refers to the petition for injunction, that the assignment of the plaintiff in error is without mer-

it, though, as stated above, there might be some portions of the remaining part of the record, relating to the injunction proceedings, which might properly be read to the jury. The issue between the parties was whether certain property belonging to the plaintiff in error had been wrongfully converted by the defendant in error, and, if so, whether the conversion was the result of legal malice. Any decision by the judge with reference to an ancillary matter, calculated to improperly influence the jury in determining this issue, should not be admitted over objections, and in this particular case, none of these injunction proceedings tended to establish more than the good faith of the plaintiff in error in claiming the cattle in controversy, and were only admissible against the defendants in error on the question of exemplary damages. The court in its charge should instruct the jury with reference to these particular proceedings, which may be admitted upon another trial, so as to guard the rights of defendants against an improper use of them. This is especially true, since the things which the injunction proceedings sought to prevent had been done when the proceedings were begun.

■ However, it is also true that some of the testimony tends to prove the defendants in error had wrongfully gone upon the ranch in charge of plaintiff in error Frank Corn, and taken therefrom cattle belonging to him, or to his wife, after having been notified of such claim of ownership and had been forbidden to take the cattle, and also after having voluntarily promised Frank Corn, the cattle would not be moved until Corn could have an opportunity to secure the issuance and service of a writ of injunction enjoining the taking of the cattle, which promise was violated, and the cattle were not only taken but were afterwards appropriated, whereby plaintiffs in error were deprived of their right to regain possession of them. This testimony renders admissible such facts relating to the injunction proceedings as logically tend to show the defendants in error in taking the cattle were acting without having probable cause to believe they had the lawful right to do as they did, under the circumstances.

The Court of Civil Appeals concluded that the trial court was in error in refusing a new trial on account of some of the statements made by the attorney for the plaintiffs in error in his closing address to the jury, and in the second assignment of error presented by the plaintiffs in error, complaint is made that the Court of Civil Appeals was in error in reversing the judgment of the district court on this ground. In support of this assignment the plaintiffs in error submit this proposition: "There being evidence in the record amply justifying the statements made by counsel, such statements,

while harsh, would not authorize or justify the reversal of the case."

■ We think this a correct proposition. In order to determine whether the statement in the argument of counsel violates the rule stated in this proposition, it has been necessary to read the statement of facts. This we have done, as well as the entire argument, in which the statements were made, which is copied in the bill of exception. If there had been anything material and of a nature calculated to prejudice the minds of the jury against the defendants in error, in the argument, which was not based on substantial testimony contained in the record, then in such case the statements should be held to have been improper and to constitute reversible error. When counsel, in argument does not assert facts, not in proof, or argue questions clearly without the issues, the court will not interfere to restrict him to any certain view of the facts in evidence. Texas Telegraph & Telephone Company v. Seiders, 9 Tex. Civ. App. 431, 29 S. W. 258. While an attorney, in summing up, should not be allowed to assume facts as in the case, in the absence of proof of such facts, and comment to the jury upon such assumed facts, he ought not to be trammeled in his comments upon the evidence and facts appearing in the case, or upon the character and conduct of the witnesses produced against his client. Gallinger v. Lake Shore Traffic Company, 67 Wis. 529, 30 N. W. 790. In argument to the jury counsel may be permitted to state to the jury such facts as he, in good faith, draws from all circumstances of the case, and what would be very likely to follow if such inferences should turn out to be correct. Henry C. Hart Mfg. Co. v. Mann's Boudoir Car Company, 65 Mich. 564, 32 N. W. 820. See also Moore v. Rogers, 84 Tex. 1, 19 S. W. 283. The record discloses that the defendants in error reached, and expressed in the hearing of the jury, the same conclusion as to the conduct of the plaintiff in error Frank Corn, which is expressed by Corn's counsel in his argument with reference to the conduct of the defendants in error. Such being the situation, as disclosed by the record, we are unable to find anything improper, from a legal standpoint, in the statements of which complaint is made, and we therefore sustain this assignment.

■ The third assignment of error, in effect, presents that the Court of Civil Appeals erred in sustaining the assignment of error on the part of the defendant in error, which complained of the action of the trial court in refusing to grant a new trial because of the alleged misconduct of the jury. We are unable to sustain this assignment, since it is our opinion the testimony on this subject is clearly sufficient to justify the conclusion reached by the Court of Civil

Appeals on this question. Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; Gulf Colorado & Santa Fé Ry. Co. v. Harvey (Tex. Com. App.) 276 S. W. 895; H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Hines v. Parry (Tex. Com. App.) 238 S. W. 886; Payne v. Harris (Tex. Com. App.) 241 S. W. 1008; Southern Traction Company v. Wilson (Tex. Com. App.) 254 S. W. 1104; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765. These cases all hold that the misconduct of the jury is reversible error, where the evidence leaves it reasonably doubtful as to the effect of the misconduct on the amount of the verdict. A portion of the facts upon which the misconduct of the jury is based is similar to the facts and circumstances involved in the Harvey Case, supra, wherein we held the conduct of the jury to have been cause for reversal. Since this question will probably not arise when the case is tried again, we find it unnecessary to set out the facts constituting the alleged misconduct, and overrule this assignment.

But the record discloses the defendants in error's complaint is not based alone upon the misconduct of the jury, but in connection therewith, error is assigned and the matter properly presented, based upon certain conduct of the trial judge. It seems that after the jury had been out 48 hours, and while the judge and the district attorney were discussing, in another room, the charge of the court in a criminal case, the foreman of the jury, in this case, left the jury room, and went to the room where the judge was, and said to him that he believed the jury would be able to get together if they knew whether the case would be appealed, and that the judge told the foreman he could not advise him about that, whereupon the foreman returned to the jury room and reported to the jury that the judge told him to reach a verdict if they could, or words to that effect. At any rate, the testimony is conclusive that the jury did communicate with the court in such manner as to violate article 2197, R. S. 1925, which provides that the jury "may communicate with the court by making their wish known to the officer in charge, who shall inform the court, and they may then in open court, and through their foreman, communicate with the court, either verbally or in writing."

In addition to the fact that this particular article has been construed by this section of the Commission, speaking through Judge Speer, in the case of Parker v. Bailey, 15 S. W.(2d) 1033, the Supreme Court, itself, in an opinion rendered by Chief Justice Gaines in Texas Midland R. R. Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 1164, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137, construed the language used in this article, embraced in articles substantially the same as this, in which, among other things, it is said: "It is thus seen that the statutes very carefully provide the manner in which the court shall confer with the jury, and that he shall give no instructions, or confer with them in any manner, except in open court. The obvious purpose of this is that counsel may be present and see that the conference is proper, and, if not, may take a bill of exception to the action of the court. It seems to us, therefore, that it is error for the judge to confer with the jury in any other manner than that prescribed by law, and that if he does, his judgment on that account ought to be reversed. * * * It is but just to the learned judge before whom the case was tried to say that his conduct in the matter involved no moral delinquency on his part, nor, so far as we can see, did it in any way affect the verdict of the jury. * * * If, by reason of the long intervals between the sessions of the court, jurors here are subjected to inconvenience which do not exist elsewhere, this must be remedied by holding two sessions a day instead of one. It is better that everybody should suffer inconvenience than that a practice should be continued which is capable of abuse, or at least of being the ground of uneasiness and jealousy."

The statutes discussed by the Chief Justice in the case from which the quotation is taken have been re-enacted by the Legislature without substantial change in verbiage after the Supreme Court had placed the construction upon them as above indicated, from which the conclusion must inevitably be reached that the lawmaking power of the state has indicated its approval of these statutes as construed by the Supreme Court in the above-mentioned case. Under the facts of this case, following the construction heretofore placed upon language in substance the same as article 2197, R. S. 1925, the trial judge committed reversible error when he permitted the foreman of the jury to communicate with him as he did, notwithstanding, it may be, that the verdict of the jury was not affected thereby, in consequence of which we overrule plaintiff in error's third assignment.

We recommend that the judgment of the Court of Civil Appeals, reversing that of the district court and remanding the case for another trial, be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.