**CLOUD v. McK'Y et al**

No. 11851.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 6, 1948.

Rehearing Denied Nov. 3, 1948.

Bowie & Scanlon, of San Benito, for appellant.

Carter & Stiernberg, of Harlingen, and L. Hamilton Lowe, of Austin, for appellees.

MURRAY, Justice.

Mrs. Helen B. McK'y and husband, Scott S. McK'y, instituted two suits in the District Court of Willacy County, Texas, one in trespass to try title, seeking to recover the title and possession of 150 acres of land located in Willacy County, and the other a suit against G. L. Cloud and others to set aside a judgment rendered in that court in a tax suit in which a tax lien was foreclosed against this same 150 acres, and the land sold thereunder. These two suits were consolidated and tried as one suit. Upon trial before the court without the intervention of a jury, judgment was rendered holding the tax judgment void, vesting title to the lands in Helen B. McK'y and husband, and giving G. L. Cloud judgment for sums expended by him, and establishing and foreclosing an equitable lien against the lands to secure payment of those sums. From this judgment G. L. Cloud alone has prosecuted this appeal.

Appellant first contends that the court erred in holding the tax judgment to be void because citation by publication was regularly issued to a married woman, citing her by her maiden name after she was married, when public records of the county in which the land is situated showed record ownership in her maiden name, and nothing appeared of record in public records of said county showing she had married.

Prior to May 28, 1932, Scott S. McK'y was the record owner of the lands involved and on that date he sold same to S. A. Clevenger by deed duly recorded. By deed dated October 1, 1932, S. A. Clevenger sold and conveyed the land to Helen M. Ball, who was then a single woman and whose residence was given in that deed as Bexar County, Texas. On April 25, 1934, Helen M. Ball was married to Scott S. McK'y in Bexar County and the marriage license was issued in Bexar County. On May 28, 1936, Mrs. McK'y filed the deed to the land for record in Willacy County. Mr. and Mrs. McK'y have resided in Bexar County continuously since their marriage. Neither Helen Ball nor Helen B. McK'y has ever rendered said property for taxation or paid any taxes thereon to any of the taxing agencies in Willacy County, or to the County or State. When the tax suit was filed it was alleged in a sworn petition that Helen M. Ball resided in Bexar County. A citation issued to that county was returned by the sheriff with the notation "unable to locate." A different attorney filed an amended petition in which it was alleged that the residence of Helen M. Ball was unknown and, accordingly, she was cited by publication in her maiden name. At this time she had been married to Scott S. McK'y for some seven years.

On August 21, 1941, the court rendered judgment for all taxes due and ordered the land sold to satisfy the judgment. The land was sold on November 4, 1941, to Willacy County Water Control & Improvement District No. 1, for the benefit of all taxing agencies. The Water District conveyed to Carricitas Oil Corporation, and

the Oil Corporation conveyed to G. L. Cloud.

Neither Helen B. McK'y, nor her husband, Scott S. McK'y, was ever personally served with any citation, and neither of them made any appearance in the tax suit, which was No. 1659 on the docket, and neither of them learned of the tax judgment or the sale of the property thereunder until a few weeks before July 7, 1945, when the present suit was filed as cause No. 1875 upon the docket.

Appellant, G. L. Cloud, paid for the land with no notice whatsoever of the adverse claims of Helen B. McK'y or her husband, Scott S. McK'y. The tax judgment was against Helen M. Ball as the sole defendant.

We are of the opinion that the judgment in the tax suit was not binding upon Helen B. McK'y and her husband, Scott S. McK'y, and they were entitled to have same set aside in this suit brought directly for that purpose, within the four year period of limitation, provided for by Art. 5529, Vernon's Ann.Civ.Stats. We are not here called upon to determine whether or not they might have maintained such a suit brought after the lapse of four years. When Helen M. Ball married Scott S. McK'y her name became Helen B. McK'y, and she was no longer Helen M. Ball, and a citation by publication in a name that was not hers did not give the trial court jurisdiction over her or her property. The case of Freeman v. Hawkins, 77 Tex. 498, 14 S.W. 364, 19 Am.St.Rep. 769, is directly in point. This case has been followed in this State many times. See: Rudolph v. Hively, Tex.Civ.App., 188 S.W. 721; State Mortgage Corporation v. Traylor, 120 Tex. 148, 36 S.W.2d 440; Wofford v. Booker, 10 Tex.Civ.App. 171, 30 S.W. 67; McGehee v. Brookins, Tex.Civ.App., 140 S.W. 2d 963.

What was said by Justice Stayton in the Freeman-Hawkins case is applicable here [77 Tex. 498, 14 S.W. 365]:

"Appellants were married on March 9, 1869, and have resided in this state since 1871.

"D. C. Freeman held under chain of transfer from Louis and Margaret Rose; but, prior to his marriage to his co-plaintiff, conveyed to her, her name being Mary E. Robison.

"Some time after their marriage, but prior to February 11, 1878, Henry Lewis, through whom appellees claim, brought a suit in the district court of the county in which the land is situated against Mary E. Robison to recover or to remove cloud from his title to the land.

"Service was had only by publication, and, at date last named, a judgment was rendered in favor of Henry Lewis against 'Mary E. Robison' for the land.

"On the trial of this cause appellees were permitted to offer in evidence that judgment, and the court may have held that it was decisive of the rights of the parties, although he may have been of the opinion that James Rose was shown to be the son of Louis and Margaret Rose. On the marriage of Mary E. Robison the law conferred on her the surname of her husband. 2 Bish. Mar. and Div. § 704a. A citation, whether to be served personally or by publication, must contain the names of the parties to the action. Rev.St. art. 1215.

"We are of opinion that a citation by publication requiring 'Mary E. Robison' to be cited and to appear was not sufficient to give the court jurisdiction to render a judgment that would bind 'Mary E. Freeman.' McRee v. Brown, 45 Tex. [503], 506.

"If there had been actual service on Mrs. Freeman, under the name of 'Mary E. Robison,' it might have been her duty to appear, even though cited in the wrong name, and although her husband was not made a party defendant with her; but the case before us is one in which she was only cited by publication issued on the ground that she was a non-resident of the state, which was untrue. She had no knowledge of the pendency of the suit against 'Mary E. Robison,' or opportunity to defend it. She was not a party to the suit, and is not bound by the judgment; and it should not have been admitted for any purpose. Dunlap v. Southerlin, 63 Tex. 38."

288

Appellant has cited us to several cases from other jurisdictions: Emery v. Kipp, 154 Cal. 83, 97 P. 17, 19 L.R.A., N.S., 983, 129 Am.St.Rep. 141; Blinn v. Chessman, 49 Minn. 140, 51 N.W. 666, 32 Am.St.Rep. 536; Jones v. Kohler, 137 Ind. 528, 37 N.E. 399, 45 Am.St.Rep. 215; Doyle v. Hayes Land & Investment Co., 80 Kan. 209, 102 P. 496, 133 Am.St.Rep. 199. But these cases are simply in conflict with the Texas rule as laid down in Freeman v. Hawkins, supra. Some other jurisdictions follow the rule laid down in Freeman v. Hawkins, supra, among which are; People ex rel. Rago v. Lipsky, 327 Ill.App. 63, 63 N.E.2d 642; Chapman v. Phœnix National Bank, 85 N.Y. 437; Bacon v. Boston Elevated Ry. Co., 256 Mass. 30, 152 N.E. 35, 47 A.L.R. 1100; D'Autremont v. Anderson Iron Co., 104 Minn. 165, 116 N.W. 357, 17 L.R.A., N.S., 236, 124 Am. St.Rep. 615, 15 Ann.Cas. 114; Arnold v. Smith, 121 Minn. 116, 140 N.W. 748; Brown v. Reinke, 159 Minn. 458, 199 N.W. 235, 35 A.L.R. 413; Mamlin v. Tener, 146 Pa.Super. 593, 23 A.2d 90.

Appellant next contends that he was an innocent purchaser of this land for value and therefore a tax judgment, valid upon its face, should never have been set aside. This judgment was not valid upon its face against Helen B. McK'y, she was not cited as a defendant and her name does not appear in the judgment. The judgment was valid upon its face against Helen M. Ball, but that is not appellee's name and was not at the time the judgment was rendered. The judgment was no more binding upon Helen M. or Helen B. McK'y than it would be on Mary Smith. The fact that appellant paid a valuable consideration for the land, without knowing that the tax judgment was not binding upon Helen B. McK'y, does not preclude her from setting up her interest in the land when, under Freeman-Hawkins, supra, she was not a party to the tax suit. Especially is this true where she offers to reimburse appellant for all sums he has been out by reason of his purchase of the land.

Appellant next contends that appellees should not be permitted to maintain this suit to set aside the tax judgment without first alleging a meritorious defense to the tax suit. We overrule this contention. In the first place, it seems to us that she should be permitted to recover the land without setting aside the judgment in the tax suit. She was not a party to that suit. She was the owner of the land and it had not been taken away from her by any judgment to which she was a party and, in the second place, she had no knowledge of either the judgment or the foreclosure. The time within which she could have redeemed the land had passed before she learned of the sale. The only action that will give her any relief is to award the land to her and reimburse appellant for all that he has expended. Thus both parties being innocent they are both placed in statu quo. Harrison v. Sharpe, Tex. Civ.App., 210 S.W. 731; Rowland v. Klepper, Tex.Com.App., 227 S.W. 1096.

The judgment is affirmed.