

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 25, 1974

*Lee*
*Dunn d. Palermo*
*522 dw2d 679*
*(Tenn Sup 1975)*

The Honorable Carlos F. Truan
Chairman
Committee on Human Resources
House of Representatives
Austin, Texas

Opinion No. H- 432

Re: Whether a woman is required
to assume her husband's surname
as her own.

Dear Mr. Truan:

You have asked us the following questions:

(1) Do the laws of Texas give a married woman the right to determine for herself whether she shall use her husband's name or her maiden name on her driver's license or any other license, form, application, permit or personnel record issued or established by any agency or department of the State, or any political subdivision thereof?

(2) Under Article 1, Section 3a, of the Texas Constitution may an agency or department of the State, or a political subdivision thereof, require a married woman to use her husband's name on any license, form, permit or personnel record if she has elected to retain her maiden name at marriage?

(3) Under Article 1, Section 3a, may a private business, bank, or financial institution require a married woman to use her husband's name if she determines for herself that she prefers to continue using her maiden name?

Your questions all raise the central issue of whether a woman has the choice upon marriage to retain her name prior to marriage or whether

she is compelled by law to assume her husband's surname.   Upon analysis of the common law in Texas, statutes which have abrogated the common law, and case authorities from other jurisdictions it is our opinion that a woman does have the choice upon marriage either to retain her name prior to marriage or to assume her husband's surname.

At common law, a person could change names by repute without official approval if the change was not done for fraudulent purposes and the new name was used consistently.   21 Halsbury's Laws of England at 350,  351 (1912 ed).   Cf.  Earl Cowley v.  Countess Cowley, A. C. 450 (1901). The adoption of a spouse's name at marriage is the most common example of such a name change by repute.   However, at common law the name change at marriage occurred by repute and not as a consequence of the marriage.

> When a woman on her marriage assumes, as she usually does in England, the surname of her husband in substitution of her father's name, it may be said that she acquires a new name by repute.   The change of name is in fact rather than in law a consequence of the marriage.   Having assumed her husband's name she retains it, notwithstanding the dissolution of the marriage by decree, unless she chooses thereupon to resume her maiden name.   On her second marriage there is nothing in point of law to prevent her from retaining her first husband's name. (21 Halsbury's Laws of England, supra.)

In R. v. Inhabitants of St. Faith's,  III Dow. and Ry. 348 (K. B. 1823), the King's Bench considered the validity of a second marriage in which the banns were posted in a widow's maiden name.   The argument was made that her legal name was that of her first husband.   However upon the death of her first husband, the widow had assumed her maiden name by repute. The court held that the maiden name used in the banns was the widow's legal name and in their holding stated:

> It has been asserted in the argument, that a married
> woman cannot legally bear any other name than that
> which she has acquired in wedlock; but the fact is not
> so; a married woman may legally bear a different
> name from her husband . . . . p. 346

By an Act of 1840, 2 Gammel's Laws, p. 177; Art. 1, V. T. C. S.,
Texas adopted English common law except as to marital property rights
concepts retained from the civil law.   Thus Texas recognized the right
to change names by repute, including the right to change names by repute
at marriage.   However, in 1856, the Legislature enacted Article 5928,
V. T. C. S., which provided:

> Whoever desires to change either his Christian or
> surname, or both, and to adopt another name instead,
> shall file his application in the district court of the
> county of his residence, setting forth the causes for
> such desire.   The judge of said court, if in his opinion
> it is for the interest or benefit of the applicant to so
> change his name shall decree that the adopted name of
> the party shall be substituted for the orginal name.
> 4 Gammel's Laws, p. 260 (1856).

Article 5928 was repealed in 1973 by the Texas Family Code § 32. 21
which states:

> Any adult may petition the district court in the
> county of his residence for a change of name.   The
> petition must state the present name and address of
> the petitioner, the requested name, and the reason
> for which a change is desired.

This Section of the Family Code was intended as a recodification of Article
5928 without substantive change.   Family Law Section, State Bar of Texas,
Summary and Analysis of Texas Family Code,   Title 2, p. 16 (1973).   It is
thus necessary to examine what effect § 32. 21 of the Family Code has on the
pre-existing common law right of a woman to change names at marriage by
repute.

In interpreting the statute, we are guided by Article 10, §6,
V. T. C. S., which states:

> In all interpretations, the court shall look diligently
> for the intention of the Legislature, keeping in view
> at all times the old law, the evil and the remedy.

We are also guided by the general rule of statutory construction that, if
a statute deprives a person of a common law right, the statute will not be
extended beyond its plain meaning or applied to cases not clearly within
its purview. Satterfield v. Satterfield, 448 S. W. 2d 456 (Tex. 1969);  -
Cafeterias, Inc. v. System-Master, Inc., 490 S. W. 2d 253 (Tex. Civ.
App., Austin 1973, no writ). It is our opinion that the widespread practice
of changing names by repute at marriage was so entrenched in Texas by
1856, the date of the enactment of Article 5928 (later replaced by §32. 21
of the Family Code), that the Legislature did not intend to require a woman
at marriage to change names by going through a court procedure or intend
that she lose her common law right to change names by repute at marriage.
See In re Evetts Appeal, 392 S. W. 2d 781 (Tex. Civ. App., San Antonio 1965,
err. ref'd). Thus in our opinion, under this statute a woman retained her
common law right to choose at marriage either to keep her name prior
to marriage or to assume her husband's surname.

We have not found a Texas case in which the court has squarely
considered the question of whether a woman can elect upon marriage to
retain her name prior to marriage. The two Texas cases which have
been cited to support the proposition that a woman's name is changed by
law at marriage to that of her husband actually concerned the sufficiency
of notice by publication. The first, Freeman v. Hawkins, 14 S. W. 364
(Tex. 1890), held only that citation by publication was not sufficient when
a married woman who had adopted her husband's surname was cited in her
birth name. The citation must be in her "real name, " which after adopt-
ing her husband's surname, is no longer her birth name. In accord,
Rudolph v. Hively, 188 S. W. 721 (Tex. Civ. App., Amarillo 1916, err.
ref'd). The opinion in Freeman states, in dicta, that "(o)n the marriage
of Mary C. Robinson the law conferred on her the surname of her husband. "
14 S. W. at 365. However, the "law conferred on her the surname of her

husband" not because of statutory or court requirements, but because by the facts of the case, she chose to assume her husband's surname, and the law recognizes such a voluntary change of name by repute at marriage.

The second case, Kidd v. Rasmus, 285 S. W. 2d 415 (Tex. Civ. App., Galveston 1955, err. ref'd), held that because of a peculiar fact situation, the notice by publication was sufficient even though it cited in her birth name a married woman who had assumed her husband's surname. However, the opinion also included dicta that a woman takes her husband's surname at marriage, and in so doing absolutely loses her birth name. As with Freeman, taking the surname of her husband is descriptive of the majority custom, but it is not mandated by statute or case decision in Texas and would not necessarily preclude the woman's electing to keep her name prior to marriage.

On the other hand, two Texas cases have been cited to support the proposition that a woman's name does not change by law at marriage to that of her husband.

The Supreme Court of Texas, in Bell v. State, 25 Tex. 574 (1860) held that it was reversible error for a trial court to decide as a matter of law that a married woman's name is that of her husband. In Rice v. State, 38 S. W. 801 (Tex. Crim. 1897), a rape indictment was found fatally defective in that it failed to negate the fact that the prosecutrix was the wife of the accused, even though the indictment showed that the prosecutrix and the accused had different surnames. The court stated:

> There is nothing in our statute requiring or compelling the wife to take or assume the name of her husband. While this is generally the case, yet the wife might retain her own name. She might be married to the defendant, and still be known by her maiden name, or some other name than his. 'It is said, the husband being the head of a family, the wife and children adopt his family name, - by custom, the wife is called by the husband's name; but whether marriage shall work any change of name at all is, after all, a mere question of choice, and either may take the other's name, or they may join their names together.' See 9 Am. & Eng. Enc. Law, tit. 'Husband and Wife,'   p. 813; . . .

Thus, although most women have assumed their husbands' surnames upon marriage, and Texas cases have made reference to this practice, no Texas court has decided as necessary to the disposition of a case that, as a matter of law, a woman must adopt her husband's surname upon marriage.

There are cases from other jurisdictions which support the view taken here.  In Stuart v. Board of Supervisors of Elections,  295 A. 2d 223 (Md.1972), the Maryland Court of Appeals (Maryland's highest court) decided that a married woman could vote in her birth given name which she had consistently and non-fraudulently used because, in Maryland, a woman's name is not, ipso facto, changed by the mere fact of marriage.  Maryland courts had recognized the common law right to change names by repute.  In the absence of a statute requiring a woman to adopt her husband's surname, the Maryland court held:

> . . . (A) married woman's surname does not become that of her husband where, as here, she evidences a clear intent to consistently and non-fraudulently use her birth given name subsequent to her marriage. Thus . . . a married woman may choose to adopt the surname of her husband - this being the long standing custom and tradition which has resulted in the vast majority of married women adopting their husband's surnames as their own - the mere fact of the marriage does not, as a matter of law, operate to establish the custom and tradition of the majority as a rule of law binding upon all.  295 A. 2d at 227.

The Supreme Court of Connecticut recently decided that a married woman may register to vote in her maiden name if she used it nonfraudulently and in so doing does not infringe on rights of others.  Custer v. Bonadies, 318 A. 2d 639 (Conn. 1974).  The court in Custer  recognized that Connecticut adopted the common law, including the right to change names by repute. Connecticut has no statute requiring a woman to adopt her husband's surname at marriage, and the court could find no basis for a rule of law which would require a woman to adopt her husband's surname. See also Arkansas Attorney General Opinion No. 74-75, April 19, 1974;  California Attorney General Opinion, March 12, 1974; Illinois Attorney General Opinion, February 13, 1974;

Pennsylvania Attorney General Opinion, August 20, 1973; Vermont Attorney General Opinion No. 179, February 4, 1974; Virginia Attorney General Opinion, June 6, 1973.

It is our conclusion, in view of the foregoing authorities, that at common law a woman had the right at marriage to change her name by repute. Section 32.21 of the Texas Family Code did not abrogate that right. Thus, at marriage, a woman may choose to retain her name prior to marriage or to assume her husband's surname, as long as she uses the name she chooses consistently and nonfraudulently.

Therefore, to your first question we answer, that in our opinion the laws of Texas give a married woman the right to use her name prior to marriage or her husband's surname, whichever of those names she chose at her last marriage. and uses consistently and non-fraudulently, for the purposes described in your question.

Your second question concerns an application of Article 1, § 3a of the Texas Constitution, the Texas Equal Rights Amendment, which states, "Equality under the law shall not be denied or abridged because of sex . . . . " The legislative intent of the Texas Equal Rights Amendment was to provide equality between the sexes. In the absence of any compelling state interest, the state must treat men and women equally. See Attorney General Letter Advisory No. 3 (1973). See generally, The Equal Rights Amendment: a Constitutional Basis for Equal Rights for Women, 80 YALE L. J. 871 (1971). Thus, in our opinion in the absence of any compelling state interest, if the state, or any agency, department or political subdivision thereof, required a woman to use a name on any license, form, permit or personnel record which was not the name she was currently using under the guidelines we have set out above, and did not require a man to use a name he was not currently using, such action by the state would be in violation of Article 1, § 3a of the Texas Constitution.

As to your third question, the Texas Equal Rights Amendment provides only that equality under the law shall not be denied or abridged because of sex. Private businesses, banks or financial institutions do not fall within

the ambit of the Texas Equal Rights Amendment unless there is a showing that there is sufficient state action involved in their businesses. Your question does not provide us with the specific facts necessary to make that determination. We express no opinion as to whether under other laws, a private business, bank or financial institution may require a married woman to use a name other than the one she is currently legally using.

## SUMMARY

A woman upon marriage has the choice either to retain her name prior to marriage or to assume her husband's surname.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg

p. 2003